58 385<br>93 388

[No. 6,898.—Department Two.]

## JOHN H. MOORE v. M. B. KELLOGG ET AL.

DEFAULT—NEGLIGENCE—DISCRETION OF THE COURT—CHANGE OF PARTIES. An order refusing to open a default in an action of ejectment affirmed on the ground—1. That the defendants, after the commencement of the suit and before the default, had conveyed their interest in the land in controversy to another who did not join in the motion or ask to have the action continued in the names of the defendants; and, 2. That the facts did not show any abuse of discretion in the Court below.

APPEAL from an order in the Twentieth District Court of the City and County of San Francisco. BELDEN, J.

Action of ejectment. After the judgment by default had been entered in favor of the plaintiff, the defendants moved to set aside the default and judgment. The motion was denied, and the defendants appealed.

*G. A. Heinlen, A. B. Hunt,* and *N. Söderberg,* for Appellants.

The fact that defendants had executed a conveyance of the premises in May, 1879, constituted no valid ground for refusing to allow them to defend. It may be necessary for their own and their grantee's protection that they should defend this cause. If the deed is material or relevant in the case it is certainly not conclusive. It was error to hold that by reason of this conveyance defendants were not entitled to be heard. Appellants might show that they had warranted the

title, or that in fact the deed was a mortgage. Upon what principle may the plaintiff, without even pleading this deed, prevent defendants from establishing, if they can, their ownership of the property previous to the execution of the deed? The judgment in the case refers to the rights of the parties at the commencement of the suit, and not at a subsequent date. The lower Court decided that because appellants did not own the property a month after the institution of this suit, therefore they did not own it when the suit was commenced. This was error.

*Moore, Laine & Leib,* for Respondent.

It does appear that the real party in interest—the grantee under the deed—was not cognizant of the judgments from the very day they were rendered. If he was, he ought to have taken steps during the term to have the defaults opened, after having himself substituted, as provided by § 385 of the Code of Civil Procedure. Whether he has himself substituted or not, he thereafter has complete control of the action. (*Walker* v. *Felt,* 54 Cal. 386.)

The COURT:

The default of the defendants, Joseph Woodworth and Esther Woodworth, was regularly entered; the Court in the orders of default having found that the summons had been regularly served upon each of them. The default and judgment thereon were entered as to Joseph Woodworth May 12th, 1879, and as to Esther Woodworth May 26th, 1879. Both of said parties move to set aside the judgments and defaults.

It does not appear from the transcript, as first filed, that the affidavits were used on the motion. Subsequently, and without leave, a document, called an "amended transcript," was filed. Assuming that it is properly here, it does not aid the appellants. 1. It appears therefrom that after the commencement of the suit, and before the default, said defendants conveyed their interests in the premises in controversy to another, and their grantee does not join in the motion, nor ask to have the action continue in the names of the defendants; they, the defendants, had no further interest. 2. We

can not see that there is any abuse of discretion in the Court below. The defendant, Esther Woodworth, after the service upon her, placed the copy of summons in the hands of her agent, who was attorney in fact for both the defendants, for the purpose of employing an attorney, and he neglected the matter; and Joseph Woodworth, in an affidavit, says he discovered on or about May 17th, 1879, that the default had been entered, and in the other affidavit he says he did not know any suit had been commenced or judgment entered against him until on or about September 16th, 1879. As early as May 26th, steps had been taken on behalf of and by both the defendants; in fact, long before the service of summons, both the defendants were watching for the suit. Under such circumstances, the Court below might well hold that the defendants had no ground for moving to set aside the judgments and defaults.

Order affirmed.