[No. 13620.   Department Two. — February 15, 1892.]

JOHN MALONE, RESPONDENT, v. BIG FLAT GRAVEL MINING COMPANY ET AL., APPELLANTS.

SETTING ASIDE JUDGMENT — EXCUSABLE NEGLECT — CONSTRUCTION OF CODE — ABUSE OF DISCRETION. — While an application under section 473 of the Code of Civil Procedure, for relief from a judgment on the ground of mistake, inadvertence, surprise, or excusable neglect, is addressed to the sound legal discretion of the trial court, and an order granting or refusing the relief asked will only be disturbed on appeal when it appears that such discretion has been abused, yet the provisions of that section are to be liberally construed, with a view to effect its objects and to promote justice, and when it appears that the court abused its discretion in denying the relief asked for, its order will be reversed upon appeal.

ID. — MOTION BY GRANTEE OF DEFENDANTS — PARTIES — CONTINUANCE OF ACTION IN NAMES OF ORIGINAL DEFENDANTS — APPEAL. — Where, after judgment in an action to enforce laborers' liens against mining property, the defendants conveyed the property to a corporation by a recorded deed, and an appeal was thereafter continued in the names of the original defendants, and after a reversal upon appeal, another judgment was rendered against the same defendants by default, the grantee of the original defendants may, in its own name, move to set aside the judgment, and, on denial of its motion, may appeal from such order; and an objection that there was no judgment as to such grantee, and therefore the order was not·subsequent to judgment and not appealable, cannot be sustained.

REAL ACTION — TRANSFER PENDENTE LITE — RIGHTS OF TRANSFEREE. — Under section 385 of the Code of Civil Procedure, if real property is conveyed during the pendency of litigation in regard to it, the grantee may thereafter continue to prosecute or defend the action in the name of his grantor, or may cause himself to be substituted in his place, and if no substitution is asked for, the action will proceed in the name of the ori-

ginal party, as if no transfer had been made, and to have it do so, no application to or action by the court is necessary.

ID. — CONTINUANCE OF PROCEEDINGS AFTER TRANSFER — SETTING ASIDE JUDGMENT — MOTION IN NAME OF ORIGINAL DEFENDANTS — ELECTION OF GRANTEE. — Where an appeal in an action to enforce liens against real property has been prosecuted in the names of the original defendants after a recorded transfer of the property, and upon reversal of the judgment, the plaintiff has filed an amended complaint against them, and upon their default, asked for and obtained a decree foreclosing the liens and directing a sale of the property, all the proceedings are properly continued and taken in the names of the original defendants, and a motion to set aside the judgment by default may be properly made in their names, although their grantee does not nominally join in the motion and did not ask to have the action continued in their names, and such motion will be presumed to be in the interest of the grantee, or the grantee may elect to make the motion in his own name.

APPEAL from a judgment of the Superior Court of Del Norte County, from an order denying a petition for the renewal of a motion to set aside a judgment, and from an order denying a motion to set aside a judgment, and to have an action continued in the name of the grantee of the defendants.

The facts are stated in the opinion.

*William H. H. Hart,* and *Aylett R. Cotton,* for Appellants.

*L. F. Cooper,* and *Daniel Titus,* for Respondent.

BELCHER, C. — The plaintiff commenced this action to foreclose twenty-six laborers' liens upon certain placer-mining property situate in Del Norte County, and owned by the Big Flat Gravel Mining Company. He alleged that he was the assignee of the claims, and prayed judgment for the sum of $6,644.94, the aggregate amount thereof, and $52 paid out for recording the liens, and $600 for attorneys' fees, besides costs; and that the same be adjudged a lien upon the lands and premises described. A demurrer to the complaint was interposed and overruled, and an answer was then filed. After trial, the court gave judgment in favor of the plaintiff; from that judgment an appeal was taken to this court,

and on June 16, 1888, the judgment was reversed and the cause remanded, with directions to the court below to sustain the demurrer, giving leave to the plaintiff to amend his complaint. (*Malone* v. *Big Flat Gravel M. Co.*, 76 Cal. 578.)

On December 17, 1888, the plaintiff filed an amended complaint, in which, after setting up the several causes of action, he prayed judgment "for the sum of $6,645.94, the amount due on said liens, and the further sum of $52, the amount paid for the recording of all said liens, with legal interest on both said sums, at the rate of seven per cent per annum, from the fifteenth day of November, 1880, and $1,000 for counsel fees of foreclosure, and for costs of suit, and that the same be adjudged a lien upon the land and premises above described." And attached to the complaint was an affidavit, made by plaintiff's attorney, showing service of a copy thereof by mail upon defendants' attorney on the same day. This complaint was very voluminous, covering 142 pages of the printed transcript.

On January 21, 1889, no demurrer or answer to the complaint having been filed, on motion of plaintiff the default of the defendants Big Flat Gravel Mining Company and O. M. Paris was entered by order of the court.

On January 30, 1889, a demurrer to the complaint was received by the clerk of the court from the attorney of the defendants, but he refused to file the same, on the ground that it was received after the entry of the default.

Subsequently, and after giving due notice of their intention to do so, the defendants moved the court to set aside the default entered against them, upon the ground that it was taken through their mistake, inadvertence, surprise, and excusable neglect. At the hearing of the motion, affidavits were presented and read by the moving parties, showing that W. H. H. Hart was and had been their only attorney of record; that for several years he had resided and had his office in the city of San Francisco; that on account of illness he was absent from his office, with the exception of two or three days, from De-

cember 15, 1888, to January 19, 1889; that he was in his office on January 15th, and again returned there on the 19th, and then first saw lying on his desk a package which, on being opened, was found to contain a copy of the amended complaint in this case; that he asked his clerk when the package came, and was told that it came only two or three days before, and that this was true; that he had never seen or known of the package before he so found it on his desk; that there was nothing to indicate in what month or year the package was mailed except the figure 3, which could be seen in the post-mark, and as it arrived on the 16th or 17th of January, both he and his clerk concluded that it must have been mailed on the 13th of that month; that on the 26th of January he prepared a demurrer to the amended complaint and sent it by mail to the clerk of the court, and also sent a copy of it by mail to the plaintiff's attorney; that owing to the distance between San Francisco and Crescent City, where the court was held and where plaintiff's attorney resided, he believed that his demurrer would be received more than a week before the time to plead to the complaint would be out; that he had promised to defend the action until it should be tried and decided on its merits, and intended to do so; that no service of the complaint was made, or notice of the filing thereof given, except by the copy sent to Hart at his office in San Francisco; and that defendants had a good and substantial defense to the action on the merits.

In opposition to the motion, the plaintiff read affidavits showing that on the day the amended complaint was filed (December 17th), his attorney deposited in the post-office at Crescent City an envelope containing a copy of the complaint addressed to defendants' attorney at his office in San Francisco, and paid the postage thereon, and that it was forwarded to its destination by the next outgoing mail, which must have been on the next day. The plaintiff also proved by affidavits, and by deeds recorded in the office of the county recorder of Del Norte County, that shortly after the original judg-

ment was entered, and long before the default complained of was taken, the defendants Big Flat Gravel Mining Company and O. M. Paris had conveyed all their right, title, and interest in the premises sought to be charged with the liens, to the Del Norte Gravel Mining Company, a corporation formed and existing under the laws of this state, and that since such conveyances were made, the said defendants had no interest in the premises.

On these proofs the motion was submitted and denied on March 14, 1889, the court holding that as the Del Norte Gravel Mining Company had become the owner of the property, and had not joined in the motion, nor asked to have the action continued in the names of the defendants, the defendants had no further interest in the property or proceedings, and therefore could not make the motion; citing *Moore* v. *Kellogg*, 58 Cal. 385.

The court then heard the proofs offered by the plaintiff, and on the 19th of the same month rendered judgment in his favor for the sum of $10,479.09, principal and interest, and the further sum of $1,000 for attorney's fees, besides costs. It also adjudged that these sums were a lien on the property described, and that the property should be sold by the sheriff, and the proceeds applied to the payment thereof.

On April 4, 1889, the defendants presented to the court and filed a petition asking leave to renew their motion to set aside the said default and judgment entered against them, and stating therein, among other things, that the Del Norte Gravel Mining Company was ready and desired to join with them in the motion, and that the requisite papers had been prepared and were ready to be served and filed. After hearing arguments in behalf of the respective parties, the court denied the petition on the day it was presented, and refused to allow defendants' motion to be renewed.

On April 20, 1889, the Del Norte Gravel Mining Company duly served and filed a notice that it would move the court to set aside the default and judgment entered

against the defendants Big Flat Gravel Mining Company and O. M. Paris, and to have the action continued in the names of said defendants, and on May 20, 1889, this motion was heard and denied.  At the hearing, the same affidavits were read and the same proofs introduced by both parties as at the hearing of the first motion.  It was also shown by affidavits that the officers of the Del Norte Gravel Mining Company had no notice, knowledge, or information that an amended complaint had been filed in the action, or that the default of the defendants had been entered, or that any judgment had been taken against them, until March 25, 1889, and also that the said company had a good and substantial defense to the action on the merits.

Exceptions to each of the rulings of the court above mentioned were duly taken, and on April 10, 1889, the defendants Big Flat Gravel Mining Company and O. M. Paris appealed to this court from the judgment entered against them on March 19th; and on May 25, 1889, the same defendants and the Del Norte Gravel Mining Company appealed from the order made and entered on April 4th; and on July 17, 1889, the last-named company appealed from the order made and entered on May 20th.

The three appeals are rested on separate bills of exceptions, but brought here in one transcript covering more than 950 pages of printed matter, and they have been submitted together.

Each of the motions was made under section 473 of the Code of Civil Procedure, which provides that the court may, "upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

It is true that applications for relief under this section are addressed to the sound legal discretion of the trial court, and orders granting or refusing the relief asked will only be disturbed on appeal, when it appears that that discretion has been abused.  But while this is so, still, the provisions of the section, like all others of the

code, are to be "liberally construed, with a view to effect its objects and to promote justice." (Code Civ. Proc., sec. 4.)

The question, then, is, Did the court abuse its discretion in making either of the orders complained of?

Section 385 of the same code provides that an action or proceeding does not abate by the transfer of any interest therein, if the cause of action survive or continue, and that in case of a transfer of interest, otherwise than by death or disability, "the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

Under this section, if property is conveyed during the pendency of litigation in regard to, it, the grantee may thereafter continue to prosecute or defend the action in the name of his grantor, or may cause himself to be substituted in his place. If no substitution is asked for, the case will go on in the name of the original party as if no transfer had been made, and to have it do so, no application to or action by the court is necessary.

That this case was so continued is shown by the fact that after the transfers, which were of record, and known to the plaintiff, and without any permission of the court, it was prosecuted in the supreme court in the names of the original defendants, and after the judgment was reversed the plaintiff filed an amended complaint against them, and then caused their default to be entered, and asked for and obtained a decree foreclosing the liens and directing a sale of the property.

It was proper, therefore, that the defense, and all proceedings necessary therefor, be continued and taken in the names of the original defendants. One of these necessary proceedings was the motion to set aside the default, and, in our opinion, it might properly be made in the names of the defendants, notwithstanding their grantee did not nominally join in the motion, and had not asked to have the action continued in their names.

The case of *Moore* v. *Kellogg*, 58 Cal. 385, upon the

authority of which the first motion was denied, is not necessarily in conflict with this conclusion. What was said in that case on the subject must have been upon the theory that, as the defendants conveyed all their interest in the property in controversy after the action was commenced and before the defaults were entered, *they* no longer had any interest in it, and therefore could not, on their own behalf, move to set aside the defaults and judgment.

Here, in the absence of anything appearing to the contrary, it must be presumed that the motion was made for and on behalf of the real party in interest, and not for the nominal parties.

But conceding that the ruling upon the first motion was proper, and should be upheld for the reasons assigned, then the Del Norte Gravel Mining Company, as grantee of the defendants, had a clear right, in its own name, to move to have the default and judgment set aside, and on denial of its motion, to appeal from the order, and thus bring the matter to this court for review. (*Plummer* v. *Brown,* 64 Cal. 429; *People* v. *Mullan,* 65 Cal. 396.) The objection that there was no judgment as to this company, and therefore the order was not subsequent to judgment and not appealable, is not tenable. There was a judgment which affected its rights and to which the motion related, and the case last cited is direct authority for an appeal in such case.

The question, then, is, Ought the default to have been set aside upon the showing made? This question, it seems to us, must be answered in the affirmative. The case involved a large sum of money, and its merits were not considered or passed upon on the first appeal. No service of the amended complaint was made, and no notice of the filing thereof given, except by the copy sent to Hart. This copy was mailed on the 17th of December, but it did not reach its destination until the 16th or 17th of January. This may at first seem a little strange, but, in view of the uncontradicted affidavits, must be accepted as true, and accounted for upon the ground

that letters are sometimes miscarried or mislaid.     When the package was received, there was nothing but a figure 3 to indicate when it was mailed, and Hart had a right, therefore, to assume that it came in the ordinary time, which was two or three days.     The distance between Crescent City and San Francisco is said to be about four hundred miles, and if so, he had twenty-six days from the time the copy was mailed to file a demurrer or answer.     He was not, therefore, guilty of any negligence because he did not send the demurrer until the 26th of the month.     The Del Norte Gravel Mining Company was in possession of and operating the property, but its officers had no notice of any of the steps taken by the plaintiff until after the default was taken and the judgment entered.     There was, consequently, no negligence on its part.     The affidavits of merits read at the hearing of both motions were, in our opinion, sufficient.

Under the circumstances shown, therefore, the failure to demur or answer to the amended complaint in time seems clearly to have been caused by such mistake or excusable neglect as entitled the moving party to the relief demanded.

We advise, therefore, that the judgment be reversed, and the cause remanded, with directions to the court below to set aside the default and permit a demurrer or answer to be filed within a reasonable time after notice.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded, with directions to the court below to set aside the default, and permit a demurrer or answer to be filed within a reasonable time after notice.