[L. A. No. 387.    In Bank.—April 14, 1899.]

## J. K. TUFFREE et al., Respondents, v. STEARNS RANCHOS COMPANY, Appellant.

QUIETING TITLE—TRANSFER BY DEFENDANT—ELECTION BY TRANSFEREE—NOMINAL PARTY.—In case of a transfer of the interest of a defendant in real property involved in an action to quiet title, to one having notice of the pendency of the action, the transferee may elect either to be substituted therein as defendant, or to continue the defense of the action in the name of the original defendant, who is thereafter a mere nominal party, having no further interest in the action, and having no further power to control its defense.

ID.—DEATH OF NOMINAL PARTY—SUBSTITUTION—CONTINUANCE OF ACTION IN NAME OF DECEASED.—Upon the death of the nominal party defendant, his executor or administrator cannot be substituted as defendant; and for the purposes of the litigation, such death is immaterial, if the action is still continued by the transferee in the name of the deceased defendant, without substitution of himself as the real party in interest.

ID.—APPEAL—USE OF NAME OF DECEASED—JURISDICTION.—An appeal taken by the transferee in the name of the deceased party defendant, which is heard in the supreme court upon its merits, will be deemed, in all matters material to the appeal, as taken by such transferee as a party to the action, under the name of such defendant; and his death is wholly immaterial as affecting the aspect or situation of the litigation, or the jurisdiction of this court over such appeal.

ID.—JUDGMENT DIRECTED UPON APPEAL—SECOND APPEAL—REVIEW OF EXCEPTIONS—CASE AFFIRMED.—After judgment entered by the trial court under the direction of this court given upon a first appeal, a second appeal may be taken therefrom, not only to review the question whether the judgment was entered in conformity with the mandate of this court, but also to review the merits set forth in a bill of exceptions which was not involved upon the first appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. H. Clark, Judge.

The facts are stated in the opinion of the court.

E. W. McGraw, for Appellant.

J. S. Chapman, and Albert M. Stephens, for Respondents.

GAROUTTE, J.—Moses Hopkins, claiming to own an interest in a tract of land, was joined with others as a party defendant in an action to quiet title. Bicknell & White appeared as attorneys for all the defendants. During the litigation, and five years prior to judgment, Hopkins transferred his interest in the property to the Stearns Ranchos Company. After judgment, and prior to an appeal therefrom by plaintiffs, Hopkins died. Thereafter Bicknell & White accepted notice of appeal in behalf of all the defendants, and the case was heard and decided in this court upon its merits. Upon the return of the *remittitur* to the lower court a judgment was entered in accordance with the directions therein contained. Whereupon the Stearns Ranchos Company, by E. W. McGraw, its attorney, having had itself substituted as a party defendant, moved to amend the judgment as to the interest represented under the name of Moses Hopkins, upon the ground that this court failed to obtain jurisdiction over the Hopkins interest in the realty by reason of the fact of his death at the time the notice of appeal was served upon Bicknell & White. No substitution of any party defendant in lieu of Hopkins was ever made until the substitution of the ranchos company as stated. The present appeal is now prosecuted from the order of the trial court refusing to amend the judgment as prayed for. The Northam interest in the real estate involved in this litigation stands generally in the same position as the Hopkins interest, at least as far as the law involved is concerned, and we refrain from setting out the facts as to that interest for this reason.

Section 385 of the Code of Civil Procedure reads: "An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. . . . . . In case of any other transfer of interest the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." This provision of the law was construed in *Walker v. Felt*, 54 Cal. 386, where the court said: "Section 385 of the Code of Civil Procedure provides that in case of any transfer of interest the action may be continued in the name of the original party, or the court may allow the person to whom

the transfer is made to be substituted in the action. Under that section it was the right of the successors in interest in this case to prosecute this action in one of these forms. The party who had transferred his interest divested himself of any power to control the action. He could not dismiss it, because his successors had a right to have it continued. The validity of the order of dismissal in this case rests solely upon the consent of the original plaintiff, given ten years after he had transferred his interest in the action. As he had no right to interfere with the action, the court, on being advised of that, should have vacated the order based upon it." In *Malone v. Big Flat Gravel Min. Co.*, 93 Cal. 384, this court said: "Under this section, if property is conveyed during the pendency of litigation in regard to it, the grantee may thereafter continue to prosecute or defend the case in the name of his grantor, or may cause himself to be substituted in his place." In *Plummer v. Brown*, 64 Cal. 430, it is declared: "After transferring his entire interest in the subject of the controversy, the defendant was only nominally a party to the action. · The real parties in interest were his grantees. The entry of his default affected them, not him."

It is quite apparent from these authorities that the statute contemplates the prosecution or defense of the action by the transferee of the interest sold. And he may prosecute or defend in his own name, by obtaining an order of substitution, or he may prosecute or defend in the name of the original party. That the legislature has the power to say that an action may be prosecuted or defended in the name of one, not the real party in interest, we have no doubt.

Hopkins, at the time of his death, having no interest in the property, his executor or administrator was not a proper party to be substituted as defendant. It therefore follows that the action either should have continued in his name or his vendee should have been substituted. Yet the statute and the cases cited plainly say that the vendee has the right to exercise the option of substitution, or continue the litigation in the name of the original party. If the original party be a mere nominal party, and the vendee is the real party in interest—if the nominal party has no right to conduct the litigation upon any particular lines as against the wishes of the real party in interest;

if the real party in interest, the vendee, has the control of the litigation, and this is decided by the cases cited from the reports of this state—then it would seem to be wholly immaterial whether the original party to the action lives or dies. For the purposes of the litigation he is a mere dummy anyhow, a John Doe *alias;* at least, this must be true aside from any question of costs, and, as to those matters, certainly the real defendant has no reason to complain.

Possibly the opposing party, for reasons readily perceptible, might be desirous of having the real party in interest substituted as a party to the record; but if such party is willing to have matters stand *statu quo,* and the real party in interest is content to have matters proceed upon the old lines, we see no legal bar to the practice. The real plaintiff or defendant simply uses the name of another in the further prosecution or defense of the action.

The Stearns Ranchos Company, the vendee of Hopkins, knew all about the pending litigation. A *lis pendens* was filed. Actual notice of the litigation was before it. By affidavit it is admitted that it had "casual notice" of the appeal to this court. The attorney of the company was E. W. McGraw, who was also a director of the corporation. He is now the attorney representing the corporation defendant upon this appeal. Prior to the first judgment in the trial court he assisted in the taking of depositions to be used upon that trial, representing some of the defendants. He filed a petition for rehearing in this court, signing himself *counsel* for the defendants. The ranchos company was the owner of the interests of all the defendants before the final judgment was rendered in the trial court, and it is quite apparent that it knew all about this litigation from start to finish—at least, as to all material and substantial matters. Under these conditions this conduct upon the part of the ranchos company can only mean that it defended this action in the name of Hopkins from the time it became his vendee, and it should not now be heard to the contrary. The ranchos company, knowing that Bicknell & White were appearing at all times and upon all occasions for the defendants, we are confirmed in the belief that these attorneys, as to the question now before us, were representing it in this litigation. In representing

Hopkins in name they were but representing the company. The ranchos company, in matters material to the appeal, was a party to the action under the name of Hopkins, and, of necessity, Hopkins' death was wholly an immaterial matter as in any way changing the aspect or situation of the litigation. *Pedlar v. Stroud*, 116 Cal. 462, and cases akin to it, do not bear upon the proposition here under consideration.

2. Defendant appeals from the judgment rendered by the trial court in conformity with the directions of this court. It is now claimed upon the part of respondents that upon such an appeal the only question which may be heard is, Has the trial court entered judgment in accordance with this court's mandate? Defendant has also appealed from an order denying his motion for a new trial. This motion was made after the judgment was entered in the trial court in accordance with this court's direction. It is insisted by respondent that there is no such practice as taking an appeal from an order denying a motion for a new trial under those circumstances. *Brady v. Feisel*, 54 Cal. 180, supports this contention; but in view of the fact that the appeal from the judgment raises substantially all the questions which might be brought here upon appeal from the order denying a motion for a new trial, we pass without consideration the soundness of the doctrine laid down in *Brady v. Feisel, supra*. In *Klauber v. San Diego Street Car Co.*, 98 Cal. 107, this question as to the right of appeal from a judgment such as is presented in the case before us was given careful consideration, and the reasons for the conclusion there arrived at are set forth in full. These reasons are persuasive and most convincing. Upon the doctrine of that case it must be held that in the present case the Stearns Ranchos Company had the right to appeal from the judgment here attacked, and bring before this court the merits of such an appeal by way of a bill of exceptions. In *Randall v. Duff*, 107 Cal. 36, it was said that an appeal to this court from a judgment rendered by a trial court in conformity with the directions of the appellate court was allowable in order that it might be determined whether or not the lower court had entered the judgment ordered. Such is undoubtedly the law, but that case cannot be held to limit the doctrine declared in *Klauber v. Street Car Co., supra*.

The single point made by appellant upon the appeal, aside from an unimportant ruling upon the admission of certain evidence, relates to the insufficiency of the evidence to support the findings of fact. We have examined with care the evidence bearing upon the particular findings to which appellant's specifications have been addressed. In all material parts we are satisfied from an examination of the record that the evidence is sufficient.

We see no substantial merit in the appeal from the order refusing to correct the file marks upon the court's decree.

For the foregoing reasons the respective orders refusing to amend the judgment and correct the file marks are affirmed. The judgment and order denying a new trial are also affirmed.

Harrison, J., Van Dyke, J., McFarland, J., and Henshaw, J., concurred.