[L. A. No. 4556. Department One.—July 30, 1918.]

## WARREN VANCE et al., Respondents, v. CLARA M. GILBERT et al., Appellants.

SUMMONS—SERVICE ON PARTNERSHIP—MOTION TO QUASH.—Where members of a partnership were parties defendant and the summons was properly served on them, a motion to quash the service on the partnership was properly overruled.

ABATEMENT—ASSIGNMENT OF CAUSE OF ACTION—CONTINUING ACTION IN NAME OF ORIGINAL PLAINTIFF.—Under section 385 of the Code of Civil Procedure, where a transfer of a cause of action is made while an action is pending, the action may be continued in the name of the original party.

FORECLOSURE—EQUITABLE MORTGAGE—JURY TRIAL.—An action upon a promissory note and to foreclose an alleged equitable mortgage is equitable in character, and a demand for a jury trial in such action is properly denied.

ID.—EVIDENCE — FICTITIOUS GRANTEE IN DEED GIVEN AS SECURITY.— Where the property claimed by the plaintiff to be the subject of such equitable mortgage consisted of a lot of land alleged in the complaint to have been conveyed by deed from one of the parties defendant to other parties also made defendants, who were partners and described in the deed by a fictitious partnership name, but the complaint also alleged that the grantor in the deed held the title in trust as security for the payment of the note in question, the court did not err in admitting the deed in evidence over objection to its validity on the ground that the grantee was a fictitious person, the deed being pertinent as evidence to prove the allegations of the complaint and to show that the grantor held the title in trust, if the theory of the complaint that she did so hold the title was correct.

ID.—PARTNERSHIP HAVING FICTITIOUS NAME — SUIT AGAINST — COMPLIANCE WITH CIVIL CODE, SECTIONS 2466, 2468.—It was not necessary for the plaintiff to prove that a defendant partnership having a fictitious name had complied with the requirements of sections 2466 and 2468 of the Civil Code, since the only penalty for failure is that such a partnership cannot maintain an action until it has complied with those sections, and there is nothing to prevent such partnership being made defendant to an action.

ID.—INTEREST PAYMENTS ON PRIOR MORTGAGE.—It being alleged in the complaint in such action that the encumbered property was covered by a prior mortgage, interest on which was paid by the plaintiffs, to protect the security against foreclosure of the prior mortgage, objection to evidence of these payments on the ground

that it was not shown whether they were made by the plaintiffs or by their predecessor, the defendant partnership, was properly overruled, since, so far as the appellants were concerned, it was immaterial which party paid the interest, provided it was paid to protect the security against foreclosure.

ID.—TRANSFER OF PROMISSORY NOTE — INDORSEMENT AFTER ACTION BEGUN.—There being evidence that the promissory note on which the action was brought was transferred to the plaintiff by the payee before the beginning of the action, the court did not err in excluding evidence that the indorsement of the note made by the payee was placed there after the beginning of the action, since, the payee being a party to the action and able to answer as to any interest it had in the note, it was of no importance whether its indorsement was placed on the note before or after the action was begun.

ID.—DEFICIENCY JUDGMENT.—A deficiency judgment is authorized on the foreclosure of an equitable mortgage, in case the encumbered property does not sell for a sum sufficient to pay the debts for which it is security, there being no distinction in this respect between a transaction which constitutes an equitable mortgage under section 2924 of the Civil Code and an ordinary mortgage.

ID.—ANSWER SETTING UP DEFENSE OF FRAUD — ORDER STRIKING OUT REPETITIONS IN ANSWER.—Error in striking out parts of an answer was harmless where the portions stricken consisted of repetitions of allegations showing false representations, and enough was left remaining to make out the charge of fraud stated.

ID.—PROMISSORY NOTE—CONSIDERATION.—It is held that under the facts of this case there is no merit in the claim that the promissory note on which the suit was founded was without consideration.

APPEAL—POINTS NOT ARGUED WILL NOT BE CONSIDERED.—The supreme court will not discuss or consider points which are not argued by the appellants, though claimed by them as errors of the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Skinner & Skinner, for Appellants.

William Ellis Lady, for Respondents.

SHAW, J.—The above-named appellants appeal from the judgment in favor of the plaintiffs, from an order denying

their motion for a new trial, and from an order denying their motion to retax costs.

The complaint states a cause of action upon a promissory note dated October 26, 1910, for seven hundred dollars executed by the above-named appellants, payable to said Halladay Motor Car Company, four months after date, and to foreclose an alleged equitable mortgage upon a tract of land, for the security of said note. It is alleged that the note was indorsed by the Halladay Motor Car Company to the plaintiffs and that it is unpaid. With respect to the lien on the real estate, it is alleged that prior to the execution of the note the defendants, C. M. Gilbert and Rosina Holmes, agreed to exchange an automobile for the said real property, which at that time belonged to said Helen B. Mortimer; that at the request of said Gilbert and Holmes, said Helen B. Mortimer executed a deed purporting to convey said real property to the "Halladay Motor Car Company"; that the said conveyance was executed to enable the said Halladay Company to hold the property as security for the note sued on; and that it was agreed between the parties that the said conveyance should operate as a mortgage upon said property to secure the payment of the said note. It was further alleged that said company was a partnership, that the deed was inoperative because it did not contain the names of the persons composing the same, and that said Helen B. Mortimer holds the title thereto for the benefit of the said appellants and of the holder of the said note, and as security for the payment thereof. Helen B. Mortimer was made a party defendant in the action, as also was the Halladay Motor Car Company and the members thereof, and they suffered default. The answer is extremely voluminous and contains a large amount of irrelevant and rather incoherent matter, a large part of which was stricken out on motion of the plaintiffs and which need not be further referred to. It alleges that the note was given without consideration and that it was procured by fraud and misrepresentation by said Halladay Motor Car Company. The court made findings that all the allegations of the complaint were true, that the note was given for a valuable consideration and was not obtained by fraud as alleged. Judgment followed in accordance with the findings.

It was no concern of these appellants whether the summons was properly served on the Halladay Motor Car Com-

pany or not. It was a partnership, its members were parties defendant to the action, and a service on them would be good against the company. The motion to quash the service on the company was, therefore, properly overruled.

The action was equitable in character. Therefore, the court did not err in denying the demand for a trial by jury. (*Downing* v. *Le Du*, 82 Cal. 471, [23 Pac. 202].)

A large portion of the record and of the appellants' brief is occupied with objections growing out of a transaction in writing which appellants claim amounted to an assignment of the note by the plaintiffs to William E. Lady, the attorney for the plaintiffs. The action was begun in 1912 and the alleged assignment to Lady was not made until April 1, 1914. Where a transfer of a cause of action is made while an action thereon is pending, it may be continued in the name of the original party. (Code Civ. Proc., sec. 385.) The appellants do not show that they would be in anywise benefited if Lady were substituted as plaintiff. The entire controversy upon that subject was and is fruitless and immaterial. It is proper. to say, however, that the instrument in question does not assign the note itself to Lady, but merely assigns to him all the plaintiffs' right, title, and interest to any money that may be collected thereon, and it authorized him to prosecute an action therefor in the name of the plaintiffs and to receive any and all moneys obtained by means of such action.

The parties and the judge of the court below appear to have understood so well the transaction in which the note was given and the lien created, that little evidence in proof of it was offered. We gather its terms from the briefs and the evidence which appears on the subject. The appellants purchased from the Halladay Motor Car Company a "Halladay" automobile and paid a small part of the price in cash. At that time they owned a Peerless automobile, which they delivered to the Halladay Company to be sold for their account, the proceeds to be applied on the purchase price of the "Halladay" machine. The Halladay Company sold the Peerless machine to Helen B. Mortimer in exchange for a lot of land which she owned. It was unwilling to take the lot as payment for the "Halladay" machine and it asked the appellants to execute a note for the price, with the understanding that the lot obtained from Mortimer would be held by it as security for the note. This was agreed to, and thereupon Mortimer

executed a deed purporting to convey the land to the "Halladay Motor Car Company," the appellants executed the note sued on and the company and the appellants executed an agreement to the effect that if the lot should be sold before the note matured, the proceeds should be applied on the note, "but if not sold before that time, then it shall be deeded to the payors upon the payment by them of said note." Afterward the Halladay Company sold all its business and assets, including this note and its interest in the lot, to the plaintiff, Vance-Canavan Motor Company. The theory of the plaintiffs' action is, as stated in the complaint, that the deed of Mortimer was ineffectual because of the fictitious name of the grantee, and that in equity she holds the title in trust for all of the parties for the purposes for which the deal was made. This much it is necessary to say to explain what follows.

The court did not err in admitting in evidence the deed executed by Mortimer to the Halladay Company over the objection that it was void because the grantee was a fictitious person. It was duly executed and acknowledged, and it was pertinent as evidence to prove the allegations of the complaint and to show that Helen B. Mortimer held the title in trust, if the theory of the complaint that she did was correct. The question whether or not the deed was void for the reason stated is of no importance in the case. Both the Halladay Motor Car Company and Helen B. Mortimer were made defendants to the action, the title was vested in either one or the other, and the allegation is that the title was held in trust as security for the payment of this note. They have each suffered default and thereby admitted the facts alleged in the complaint. The foreclosure decree will be effectual regardless of the situation concerning the title, inasmuch as all the parties interested are parties to the action, and a sale under the decree against them all will dispose of the whole title.

It was not necessary for the plaintiffs to prove that the defendant Halladay Motor Car Company had complied with the requirements of sections 2466 and 2468 of the Civil Code. Partnerships having a fictitious name may do business without such compliance. The only penalty of a failure is that such a partnership cannot maintain an action until it has complied with those sections. But there is nothing in the sections to prevent such partnership being made defendant to an action.

It is alleged in the complaint that the Mortimer lot was encumbered by a prior mortgage for six hundred dollars, that after the deed from Mortimer the interest was paid thereon by the plaintiffs in order to protect the security and prevent the foreclosure of said prior mortgage, and that said interest has not been repaid by the appellants. Evidence of these payments was offered, to which the appellants objected on the ground that it was not shown whether they were made by the plaintiffs or by its predecessor, the Halladay Company. So far as these appellants are concerned it is immaterial which party paid the interest, provided it was paid to protect the security and prevent foreclosure, which does not seem to be disputed. The objection was properly overruled.

The appellants claimed at the trial that the indorsement on the note made by the Halladay Motor Car Company was placed there after the beginning of the action and the court made some rulings excluding evidence to show that fact. There was evidence as above indicated that this note was transferred to the plaintiff prior to the beginning of the action, in the sale of the assets of the Halladay Company to the plaintiff company. This transfer was sufficient to carry the title to the note and enable the plaintiff company to sue thereon. The payee of the note was a party defendant and could answer as to any interest it had in the note. It was, therefore, of no importance whether its indorsement was placed on the note before or after the action was begun.

There was no error in inserting in the decree a provision for the recovery of the deficiency in case the lot did not sell for a sufficient sum to pay the debts for which it was security. There is no distinction in this respect between a transaction which constitutes an equitable mortgage under section 2924 of the Civil Code and an ordinary mortgage. A deficiency judgment is authorized in either. (*Jones* v. *Gardner*, 57 Cal. 642.)

The appellants in their answer alleged that the note and the agreement to accept the lot as security were procured by false representations on the part of the Halladay Motor Car Company to the effect that the lot was clear of all encumbrances and was worth more than the amount of the note. This part of the answer is extremely voluminous and nearly every allegation was repeated more than once, and upon motion of the plaintiff the court struck out a number of the

repetitions. Enough remains, however, to make out the charge of fraud as above stated. The error in striking out the repetitions of the charge was, therefore, harmless.

The appellants insist in their brief that the note was given without any consideration. The statement we have made heretofore concerning the nature of the transaction in which the note was given was supported by the evidence. The essential facts are really not disputed. The contentions of the appellants relate altogether to the conclusions of law which they claim are to be deduced from the facts. The transaction shows that the note was in fact given for the Halladay automobile purchased by the appellants from the payee of the note. There is no merit in the claim that the note was without consideration.

We have discussed all the points which the appellants have argued in their briefs. A number of rulings are mentioned and the brief declares that they are erroneous, but no argument whatever is made thereon. There is no argument in support of the appeal from an order denying appellants' motion to retax costs. It is the uniform practice of this court not to discuss or consider points which are not argued by the appellants. (*Gavin* v. *Gavin*, 92 Cal. 292, [28 Pac. 567]; *Duncan* v. *Ramish*, 142 Cal. 689, [76 Pac. 661]; *People* v. *Glaze*, 139 Cal. 163, [72 Pac. 965]; *People* v. *Woon Tuck Wo*. 120 Cal. 297, [52 Pac. 833].) For that reason we decline to discuss the questions above mentioned.

The judgment and the orders appealed from are affirmed.

Sloss, J., and Richards, J., *pro tem.,* concurred.