[Civ. No. 6787.   Third Dist.   Jan. 28, 1944.]

RICHARD H. CLEVERDON et al., Respondents, v. WILLIAM E. GRAY, Appellant.

Sefton & Quattrin for Appellant.

Sumner Mering for Respondents.

PEEK, J.—This is an appeal by William E. Gray from a judgment in favor of plaintiffs Richard H. Cleverdon and Joseph T. White, respondents herein, foreclosing a mechanic's lien on certain real property belonging to appellant and located on Lake Tahoe. The only issue concerning the defendants, other than Gray, was that of priority of a lien, which issue was decided in their favor. The appeal from the judgment is prosecuted by Gray alone.

Cleverdon and White, as co-partners, entered into an agreement with Gray which provided, in addition to other matters now unimportant, that certain materials, equipment and labor were to be furnished by them in the construction of a log lodge to be erected on the lake property belonging to Gray.

A controversy arose between the parties concerning the amount of money owed respondents by appellant and as a result thereof respondents filed a mechanic's lien against appellant's property, and subsequently instituted the present suit to foreclose such lien.

Their complaint prayed for judgment in the sum of $2,342.70, but asked for a lien on the real property of only

$2,247.70. The answer of appellant denied that any such sum of money was due respondents.

At the conclusion of the hearing which consisted principally of testimony relating to the materials furnished and the character and amount of labor performed, the trial court indicated it would give judgment for the respondents. Respondents presented to the court a proposed set of findings calling for judgment in the sum of $1,176.89. This figure represented the amount claimed by respondents after deduction of an admitted credit to appellant. On July 2, 1941, the trial court signed the findings proposed by respondents but gave appellant a further credit and entered judgment for respondents in the sum of $1,099.89.

During the pendency of the action and while the matter remained under submission, the respondents on October 21, 1940, assigned ''all their right, title and interest in and to the above entitled case, the cause of action therein expressed, and any judgment to be therein entered,'' to a third party, Freda Bell. This assignment first became known to appellant when it was filed for record in the county clerk's office on July 25, 1941, approximately three weeks after the judgment had been signed and entered.

Appellant contends in this appeal that the judgment must be reversed for the following stated reasons:

(1) That the assignment by respondents of their interest in the cause of action resulted in their losing all right to continue the litigation in the names of the original parties plaintiff, and that under such circumstances the judgment rendered in their behalf is void as the assignment constituted a fraud on the court; (2) because the trial court failed to find upon the material issues as regards the amount of work done, materials furnished and the rates to be paid; (3) because the judgment is not supported by the findings; (4) because the findings are not supported by the evidence, and (5) because the evidence does not support the judgment.

As regards appellant's first contention it is argued that as section 367 of the Code of Civil Procedure requires in part that ''every action must be prosecuted in the name of the real party in interest . . .'' the respondents lost all interest in their cause of action unless they can come within the provisions of section 385 of the Code of Civil Procedure, which provides: ''In case of any other transfer of interest, the action or proceeding may be continued in the name of

the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.'' Appellant then concludes that as the court did not authorize a continuation in the name of the original plaintiffs nor did it allow a substitution, the judgment procured by respondents in their own name is void, and therefore must be reversed by this court.

Such claim is without merit and is not supported by the authorities. To the contrary, it has been consistently held, as in the case of *Malone* v. *Big Flat Gravel Mining Co.*, 93 Cal. 384 [28 P. 1063], that ''under this section, [385, Code Civ. Proc.] . . . if no substitution is asked for, the case will go on in the name of the original party as if no transfer had been made, and to have it do so, no application to or action by the court is necessary.'' See, also, *Vance* v. *Gilbert*, 178 Cal. 574 [174 P. 42]; *Tuffree* v. *Stearns Ranchos Co.*, 124 Cal. 306 [57 P. 69]; *Walker* v. *Felt*, 54 Cal. 386; *Harlan Douglas Co.* v. *Moncur*, 19 Cal.App. 177 [124 P. 1053]; *Hentig* v. *Johnson*, 12 Cal.App. 423 [107 P. 582].

The case of *Tuller* v. *Arnold*, 98 Cal. 522 [33 P. 445], the sole authority cited by appellant in support of his contention, is not in point, as that case was concerned with the question of the right to maintain suit where the assignment of certain claims was made prior to the bringing of suit. Such was not the situation in the present action, and the Tuller case, therefore, cannot be deemed authority in support of appellant's contention.

Appellant's second contention is that the judgment must be reversed because finding IX of the trial court ''that the sum of $1,847.00 was and is the reasonable value of the materials and equipment furnished, and the labor and services performed and contributed by the plaintiffs, pursuant to the said agreement . . .,'' and finding XII ''that of said value of $1,847.00, the sum of $749.11 has been paid; that after deducting all just credits and off-sets, the sum of $1,097.89 is due, owing and unpaid from the defendant, William E. Gray, to the plaintiffs . . .'', are not findings as to the number of hours worked or to the amount of materials furnished, and therefore there is no support in the findings for the ultimate judgment of $1,097.89.

The case of *Culjak* v. *Better Built Homes, Inc.*, 58 Cal. App.2d 720 [137 P.2d 492], is a complete answer to appellant's contention herein. The trial court therein found that

plaintiffs had constructed a sanitary system for defendants and that the reasonable cost of such construction was a certain amount. The appellant therein contended that it was prejudiced by the failure of the court to show by its finding "the calculation by which the court arrived at its judgment." The court in determining the issue so presented stated: "Evidently appellant desires to have the court's opinion or a picture of the court's mental process by which the ultimate fact of the aggregate cost was derived. To such contention we do not yield. While it is essential that the 'reasonable values' be alleged and that they be proved by competent evidence yet the function of the finding is to declare only the ultimate fact determined. The trial court is not required to incorporate evidentiary facts in its findings."

In the present case there is substantial evidence as to each item included in the ultimate judgment of the court and such items establish the basis of the court's computation. "Since the pleadings and the evidence both warrant the finding of the amount to which plaintiffs are entitled more details of fact in the finding would be surplusage." (*Culjak* v. *Better Built Homes, Inc., supra.*)

The trial court herein found that all of the allegations contained in certain designated paragraphs of the plaintiffs' complaint were true, and by such reference to such paragraphs it thereby incorporated in its findings all of the allegations contained in the designated portions of the complaint to the same extent as though the court had specifically set forth the same in detail. It has long been the rule that such findings are sufficient. (*Hackler* v. *Tubach,* 129 Cal.App. 680 [19 P.2d 295].)

While it is not necessary that findings should follow the precise language of the pleadings, it is essential that they be so drawn that the truth or falsity of their material allegation may be demonstrated therefrom. But that is not to say that it is necessary to make specific findings as to each of several material issues where the findings, taken as a whole or construed together clearly show that they include the court's conclusion upon the material issues. (*Bowers* v. *Union Trust Co.,* 117 Cal.App. 259 [3 P.2d 614].)

If we were to assume that the findings as made herein do not cover all of the material issues raised by the pleadings, nevertheless the failure to find on a particular issue is not ground for reversal unless it appears that there

was evidence introduced as to such issue sufficient to sustain a finding in favor of appellant. (*Powell* v. *Johnson,* 50 Cal. App.2d 680 [123 P.2d 875].) No such showing has been made by appellant. Nor has he shown wherein he has been prejudiced by the failure, if any, of the trial court to make separate findings as regards the amount of work done, materials furnished and rates to be paid to respondents for such services and materials so furnished pursuant to the alleged contract.

This court said in the recent case of *Petersen* v. *Murphy,* 59 Cal.App.2d 528 [139 P.2d 49]: "If the findings made necessarily negative the allegation of defendants' answer as to which specific findings are not made, the findings are sufficient." Citing *Remillard Brick Co.* v. *Remillard-Dandini Co.,* 51 Cal.App.2d 744 [125 P.2d 548]. Here the general finding, by reference to plaintiffs' complaint that certain services were performed and materials furnished by plaintiffs pursuant to the agreement alleged in plaintiffs' complaint, was a complete negation to defendant's claim that there was no such agreement and his general denials of the labor and materials furnished thereunder.

In summation of this question it may be stated that findings are to receive such a construction as will uphold rather than defeat the judgment, and if it be necessary in construing the findings to indulge in any inference, this court will not draw from the facts produced at the trial a possible inference of fact contrary to that which in the light of the evidence may have been drawn by the trial court for the purpose of rendering such judgment (*Breeze* v. *Brooks,* 97 Cal. 72 [31 P. 742, 22 L.R.A. 256]; and thereby substitute its deductions for those of the trial court. (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427 [45 P.2d 183].)

Appellants third, fourth and fifth contentions, as is disclosed by the argument contained in his brief, are, in effect, but an attack upon the sufficiency of the findings and the evidence in support thereof.

An examination of the record discloses what might well be termed an irreconcilable conflict in practically all of the evidence introduced at the trial. Under such circumstances to discuss at length such evidence would be of no avail, for even though this court might have some doubt, however grave, as to the correctness of a particular finding upon such conflicting evidence, a doubt is not sufficient to authorize a reversal in view of such conflict.

The rule that the verdict of a jury or a finding of fact by a court will not be reversed, where there is a substantial conflict in the evidence upon which such verdict or finding is based, is so firmly established as to amount to a maxim. (*Redington* v. *Pacific Postal Telegraph Cable Co.*, 107 Cal. 317 [40 P. 432, 48 Am.St.Rep. 132].)

It is self-evident from such conflicting evidence that the judgment as rendered by the trial court might well have been either for a greater or a lesser amount. Under such circumstances one cannot complain where the amount of a judgment rendered in favor of an adverse party is less than would have been justified under the evidence.

When a judgment is attacked as being unsupported, the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial court. (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].)

Our examination of the record has disclosed but two errors of computation in the findings (1) the price to be paid to respondents by appellant for pine lumber used in the construction of the buildings, and (2) the rate to be paid to respondents by appellant for truck driving.

The transcript shows testimony by respondent Cleverdon that 5200 board feet of pine lumber was furnished at $40 per thousand board feet, while a witness for defendant testified that less than 1400 board feet was used. It is therefore apparent that there is at least some evidence to support the finding in regard to the amount of pine lumber furnished in the construction of the lodge. However, the evidence only supports a charge of $40 per thousand board feet rather than $42 per thousand board feet as alleged in the complaint, or a difference of $10.40 between the amount of $218.40 as found by the trial court, and the correct amount of $208. Respondents in their brief concede this fact to be true.

The finding of the trial court as regards the charges for truck driving likewise is supported in part by the evidence. The respondents' testimony was that such charges were to be the prevailing union scale and that such scale was 87½ cents per hour up to 12 hours, and for 12 hours and over it was to be $1.00 per hour retroactive to the first hour. Cleverdon testified to 74 hours of truck driving at the regular rate and 59 hours of overtime, but stated that because they were

always on the road for more than 12 hours he computed it all at the rate of $1.00 per hour. The trial court, however, calculated that rate to be $1.10 as alleged in plaintiffs' complaint, for the entire 118 hours or 129.80. Even giving respondents the benefit of the maximum for the entire time they would be entitled to only $118 for such trucking work or $11.80 less than the amount found by the court.

This is a case which falls directly within the express purpose and intent of section 956a of the Code of Civil Procedure, wherein it is said that the section shall be liberally construed in order that whenever possible, causes may be finally disposed of by a single appeal without further proceedings in the trial court. Therefore, paragraph VII of the findings is hereby amended to read as follows:

"That the allegations contained in sub-paragraphs (a), (b) and (c) of paragraph VII are true; that the allegations contained in sub-paragraph (f) of said paragraph VII are untrue; that the allegations contained in sub-paragraph (d) of said paragraph VII are true, save and except that the services performed by plaintiffs as automobile truck operators is found to be in the sum of $1.00 per hour; that the allegations contained in sub-paragraph (e) of said paragraph VII are true, save and except the price to be paid for pine wood furnished by plaintiffs under said agreement is found to be at the rate of $40.00 per thousand board feet. In all other respects the allegations contained in said paragraph VII and the whole thereof are found to be true."

The judgment is accordingly reduced to the extent of the errors in computation as previously indicated, to wit: $10.40 in the amount found to be due for the pine lumber used by plaintiffs and $11.80 in the amount found to be due them for trucking services rendered, or a total of $22.20, thereby reducing the judgment to the sum of $1,075.69.

As modified the judgment is affirmed. Respondents to recover costs on appeal.

Thompson, J., and Adams, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 27, 1944.