GAYNOR v. METALS RESERVE CO. et al.

No. 13641.

Circuit Court of Appeals, Eighth Circuit.

March 25, 1948.

Robert B. Pike, of Sioux City, Iowa (Francis J. Parker, of Deadwood, S. D., on the brief), for appellant.

H. F. Fellows, of Rapid City, S. D., for appellees.

Before GARDNER, THOMAS, and COLLET, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellant against Metals Reserve Company and Colonial Mica Corporation, to recover $12,956.-49 for certain sheet mica sold and delivered by plaintiff to defendants at their places of business in the City of Custer, South Dakota, and to recover the further sum of $20,868.96 for damages on account of the failure of defendants to accept certain products proffered by plaintiff. Summons was served upon the defendant Metals Reserve Company on the 30th day of March 1945, and on the defendant Colonial Mica Corporation on the 4th day of April, 1945. Metals Reserve Company answered, pleading two defenses, first, that the complaint failed to state a claim against defendant upon which relief could be granted, and second, denied each and every allegation contained in the complaint. The Colonial Mica Corporation answered, pleading two defenses, first that the complaint failed to state a claim against defendant upon which relief could be granted, and second, with certain immaterial admissions, denied each and every allegation contained in the complaint. The case was continued to the June, 1947 term.

On June 3, 1947, defendant Metals Reserve Company filed a motion to dismiss on

the ground that plaintiff had failed to comply with the provisions of Public Law No. 109, 79th Congress, June 30, 1945, 15 U.S.C.A. § 601 note, in that he had failed within twelve months after the date of such enactment, namely July 1, 1945, to file any proceeding for or obtain any order allowing action to be maintained against the Reconstruction Finance Corporation, and on the ground that the action had abated as against the moving defendant by reason of such Act of Congress. On the same date defendant Colonial Mica Corporation filed a motion to dismiss the action as to it because the complaint failed to state a claim against it upon which relief could be granted. The motions were heard by the court on June 4, 1947, at which time the court entered an order dismissing the action as to the defendant Metals. Reserve Company on the ground that plaintiff "has failed, as required by Federal statute, to file, prior to July 1, 1946, any proceedings for or any order allowing this action to be maintained against Reconstruction Finance Corporation, and for the reason this action is now abated against said defendant." The court also sustained the motion to dismiss as to the defendant Colonial Mica Corporation on the ground that the amended complaint fails to state a claim against said defendant upon which relief can be granted. Final judgment of dismissal was accordingly entered as to each of the defendants and this appeal followed..

Plaintiff seeks reversal on substantially the following grounds: (1) Under the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court erred in entertaining the motions to dismiss because they were not interposed before answer; (2) the court erred in holding that plaintiff's action was abated and in dismissing the same as against defendant Metals Reserve Company on the ground that plaintiff had failed to file, prior to July 1, 1946, any proceeding for or any order allowing the action to be maintained against the Reconstruction Finance Corporation; (3) the court erred in holding that the complaint did not state a claim against the defendant Colonial Mica Corporation upon which relief could be granted.

■. Appellant refers to Rules of Civil Procedure, Rule 12 (b, g, h), and contends that the court should have denied the motions for dismissal because they were not interposed before answer. If the court had denied the motions it might well have been urged here that the court was warranted in so doing because they had not been timely interposed. Where, however, the court has granted the motions, the rule, we think, can not be invoked as the basis for reversal of the judgment.

■ We shall first consider the judgment of dismissal as to the defendant Colonial Mica Corporation. A perusal of the complaint discloses that the only acts of the defendant Colonial Mica Corporation complained of were performed by it in its capacity as agent for Metals Reserve Company. Under the South Dakota Code, Section 3.0402, an agent may become responsible to third persons in the course of his agency only (1) when, with his consent, credit is given to him personally in a transaction; (2) when he enters into a written contract in the name of his principal, without believing, in good faith, that he has authority to do so; or (3) when his acts are wrongful in their nature. Without detailing the allegations of the complaint, we are clear that it contains no allegations which create any liability as against Colonial Mica Corporation. All of the acts of this defendant were performed in its capacity as agent. There is therefore no basis for liability as to the Colonial Mica Corporation. Whitney v. Wyman, 101 U.S. 392, 25 L.Ed. 1050; Marcus Loew Booking Agency v. Princess Pat, Limited, 7 Cir., 141 F.2d 152.

Under date June 30, 1945, Public Law No. 109 was passed and approved, to take effect July 1, 1945. This joint resolution reads as follows:

"Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That, notwithstanding any other provision of law, all functions, powers, duties, and authority of the corporations hereinafter designated, are hereby transferred, together with all their documents, books of account, records, assets, and liabilities of every kind and na-

ture, to Reconstruction Finance Corporation and shall be performed, exercised, and administered by that Corporation in the same manner and to the same extent and effect as if originally vested in Reconstruction Finance Corporation, and the designated corporations are hereby dissolved: Defense Plant Corporation, Metals Reserve Company, Rubber Reserve Company, and Defense Supplies Corporation, created by Reconstruction Finance Corporation pursuant to the Act of June 25, 1940 (54 Stat. 572), and Disaster Loan Corporation created by the Act of February 11, 1937 (50 Stat. 19), are hereby designated as the corporations to which this joint resolution applies.

"Sec. 2. The Reconstruction Finance Corporation shall assume and be subject to all liabilities, whether arising out of contract or otherwise, of the corporations dissolved by this joint resolution. No suit, action, or other proceeding lawfully commenced by or against any of such corporations shall abate by reason of the enactment of this joint resolution, but the court, on motion or supplemental petition filed at any time within twelve months after the date of such enactment, showing a necessity for the survival of such suit, action, or other proceeding to obtain a determination of the questions involved, may allow the same to be maintained by or against the Reconstruction Finance Corporation.

"Sec. 3. This joint resolution shall take effect on July 1, 1945.

"Approved June 30, 1945."

■■■ This action properly commenced was at issue and was pending at and prior to the adoption of this resolution. The trial court entered judgment of dismissal "for the reason that this action is now abated against said defendant." The conclusion that the action was so abated was manifestly based upon the fact that by the above quoted Public Law No. 109, the Metals Reserve Company had been dissolved since the commencement of the action. In the absence of statutory provision extending the existence of or conferring power upon a corporation for the purpose of winding up its affairs, the dissolution of a corporation ipso facto terminates its existence. So far as new corporate acts or

transactions are concerned, they can have no validity so far as they are dependent upon the power conferred by the charter. However, under the statutes providing that a dissolution shall not impair rights previously vested, the right to sue or be sued on obligations previously incurred survives the dissolution. We think it important to observe that the act provides specifically that, "No suit, action, or other proceeding lawfully commenced by or against any such corporation shall abate by reason of the enactment of this joint resolution." The congressional history plainly indicates that it was the purpose of Congress to protect all vested rights by this positive declaration that the dissolution of the corporation should not disturb such vested rights nor that any action lawfully commenced should be abated. It was not the intention of Congress to repudiate any just debt or liability theretofore incurred. True, the above quoted phrase is followed by the provision that the court, on motion filed within twelve months from the date of the enactment, may on proper showing substitute the Reconstruction Finance Corporation as party defendant. That, however, is made a condition precedent to the right to protect the pending suit against the Reconstruction Finance Corporation, but it is not made a condition precedent to the right to protect the pending suit against the original defendant. It extends a privilege to the litigant by which he might facilitate the enforcement of the liability against the Reconstruction Finance Corporation, but it does not, we think, prevent the prosecution of actions, pending prior to enactment of the joint resolution, against the dissolved corporation. It is significant, we think, that the resolution contains the imperative command that by the dissolution of the corporation no suit "shall abate," while the provision with reference to substituting the Reconstruction Finance Corporation as party defendant is clearly permissive, as indicated by the use of the word "may."

In Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 392, 71 L. Ed. 634, it was claimed that the Oklahoma Natural Gas Company had been dissolved as the result of reorganization resulting in the creation of a corporation named Okla-

homa Natural Gas Corporation, organized under the laws of Delaware. In referring to the Oklahoma statute relative to dissolution of a corporation, 18 O.S.1941 § 163, the court said:

"The language of the section would seem to indicate that as there is to be no abatement the Oklahoma Natural Gas Company for litigating purposes is still in being and continues to be a party before this court."

■ So, in the instant case, as there is to be no abatement of plaintiff's cause of action, the Metals Reserve Company, for the purpose of litigating plaintiff's claim, is still in being. That plaintiff failed to take proceedings for the substitution of the Reconstruction Finance Corporation can in no manner affect the liability of defendant Metals Reserve Company. It can have no concern with the question as to whether plaintiff has preserved his right to seek relief against the Reconstruction Finance Corporation. Certainly, the failure to make such a motion was no ground for dismissing the action as against the defendant Metals Reserve Company. To preserve a cause of action is to preserve the right to prosecute that cause of action to final judgment. Plaintiff's cause of action was not one dependent upon a federal statute, and by the laws of South Dakota such an action does not abate by transfer of any interest pending litigation. Thus, Section 33.0414, South Dakota Code, provides that,

"No action shall abate by the death or other disability of a party, or by transfer of any interest therein if the cause of action survive or continue. * * *

"In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

Manifestly, plaintiff could maintain this action under the laws of South Dakota notwithstanding the fact that defendant's assets had pending litigation been transferred to the Reconstruction Finance Corporation. Rule 25(c) of the Rules of Civil Procedure provides as follows:

"In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

This rule seems to warrant continuing a pending action against the original party even though there be a transfer of interest, unless the court upon motion shall direct the person to whom the interest is transferred to be substituted in the action or joined with the original party. No such motion was here made and in the absence of such a motion it would seem that the action might properly be prosecuted against the original defendant notwithstanding the fact that under the provisions of the Act dissolving defendant the Reconstruction Finance Corporation might have been substituted. Rule 25(c) is substantially the same as Section 385, California Code of Civil Procedure. In the case of Malone v. Big Flat Gravel Mining Co., 93 Cal. 384, 28 P. 1063, 1065, the Supreme Court of California in construing this section said:

"If no substitution is asked for, the case will go on in the name of the original party, as if no transfer had been made; and to have it do so no application to or action by the court is necessary."

See, also: Cleverdon v. Gray, 62 Cal. App.2d 612, 145 P.2d 95; Davis v. Rudolph, Cal.App., 181 P.2d 765; United States ex rel. Johnson v. Morley Construction Co., 2 Cir., 98 F.2d 781.

The argument of defendant Metals Reserve Company is to the effect that the liability was extinguished twelve months after the enactment of Public Law No. 109, but the statute does not so provide. Notwithstanding the dissolution of the Metals Reserve Company, it seems to have had sufficient vitality to employ counsel who have defended this case not only in the trial court but in this court. What is said in Trounstine v. Bauer, Pogue & Co., D.C.S. D.N.Y., 44 F.Supp. 767, 771, affirmed by the Circuit Court of Appeals in 2 Cir., 144 F.2d 379, is here pertinent. It is there said:

"But it is to be noted that in that case the Supreme Court refused to substitute a new party in place of the allegedly dead one; it seemed that there was no abatement because, for litigating purposes, the Oklahoma

company was still in being and a party before the court. Significantly, in language appropriate to the present case, it was stated ([Oklahoma Natural Gas Co. v. Oklahoma], 273 U.S. 257, 47 S.Ct. [391], 393, 71 L.Ed. 634), 'The motion is signed by counsel for the appellant, the Oklahoma Natural Gas Company. He does not explain how he continues to represent the appellant, if in fact it has ceased to be as he represents. to this court.' * * *

"Somewhat similar language is used in James & Co: v. Second Russian Insurance Co., 239 N.Y. 248, 254, 146 N.E. 369, 370, 37 A.L.R. 720. * * * 'We deal first with the so-called defense that the corporation which defends is dead and so incapable of defending. * * * A corporation with vitality sufficient to answer a complaint has, by the very terms of the hypothesis, vitality sufficient to permit it to be sued. The shades of dead defendants do not appear and plead.' "

It follows that the judgment dismissing the action as to the defendant Colonial Mica Corporation. should be affirmed and the judgment dismissing the action as against the defendant Metals Reserve Company should be reversed. The cause is therefore remanded to the lower court for further proceedings consistent herewith.