[Civ. No. 3256. First Appellate District, Division Two.—April 10, 1920.]

G. L. TYLER, Respondent, v. J. I. MITROVICH BUILD-ING COMPANY, INC., et al., Defendants; ADOLPH D. GRABSTEIN et al., Appellants.

SUNSET LUMBER COMPANY, Respondent, v. J. I. MIT-ROVICH BUILDING COMPANY, INC., et al., Defendants; ADOLPH D. GRABSTEIN et al., Appellants; W. J. BUCHANAN et al., Respondents.

HENRY COWELL LIME AND CEMENT COMPANY, Respondent, v. J. I. MITROVICH BUILDING COM-PANY, INC., et al., Defendants; ADOLPH D. GRAB-STEIN et al., Appellants.

[1] MECHANICS' LIENS — PLEADING — CONSOLIDATION OF ACTIONS FOR TRIAL.—Where several actions for the foreclosure of mechanics' liens and for deficiency judgments against the contractor and the sureties upon his bond are consolidated for trial, the allegations of the various complaints may be taken together and treated as one pleading, the allegations in one complaint remedying the defects or omissions in another.

[2] ID.—EXECUTION AND FILING OF BOND — FRAUD — PRESUMPTION — PLEADING.—Where it is alleged in one of the complaints in such actions that a bond was duly made and executed for the purpose of complying with the laws of the state of California, it is to be presumed that the defendants therein did not commit a fraud by filing a "straw" bond. The presumption is always against fraud. It can be put in issue only by direct and positive allegations and must be proved.

[3] ID.—RIGHT OF LIEN CLAIMANT TO FORECLOSURE — LIABILITY OF OWNER.—When no bond has been filed with good and sufficient sureties in compliance with section 1183 of the Code of Civil Procedure, the lien claimant is entitled to a judgment to foreclose his

lien upon the land of the owner, irrespective of the amount due from the owner to the contractor; but where such a bond is filed and it is equitable to do so, the court must restrict recovery from the owner to the aggregate amount due from the owner to the contractor.

[4] ID.—RIGHT TO FORECLOSURE UPON PROPERTY OF OWNER—PLEADING.—In order to entitle the lien claimant to a foreclosure upon the property of the owner irrespective of the amount due from the owner to the contractor, it is essential to allege that the terms of section 1183 of the Code of Civil Procedure with reference to the execution and filing of a bond have not been met.

[5] ID.—VALIDITY OF BOND—INCONSISTENT POSITIONS OF LIEN CLAIMANT.—In an action by a lien claimant to foreclose a mechanic's lien and for a deficiency judgment against the contractor and the sureties upon his bond, the plaintiff cannot denounce the bond as void and claim the right of foreclosure upon the property of the owner, and at the same time demand enforcement of the provisions of the bond that are favorable to him.

[6] ID.—FILING OF BOND FOR RECORD—COMPLIANCE WITH CODE SECTION.—Section 1183 of the Code of Civil Procedure does not require that either the owner or the contractor shall personally file the bond for record. Filing for record by the architect for the owner is sufficient.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge. Reversed.

The facts are stated in the opinion of the court.

R. N. Wolfe and J. E. White for Appellants.

Ralph H. Wright, C. L. Colvin, G. G. Hatch and Creed, Jones & Dall for Respondents.

NOURSE, J.—This is a joint appeal from a judgment in favor of the plaintiffs in three consolidated cases brought to foreclose their several liens for services and materials furnished to the contractor under a written contract for the construction of a building on the lands of the defendants Grabstein, the owners, and to recover deficiency judgments against the contractor and the sureties upon his bond. Judgment was rendered as prayed in the several complaints and the owners alone appealed.

The allegations of the complaints relating to the execution of the contract, the filing of the liens within due time,

the furnishing of the labor and material, and the amounts due the respective plaintiffs therefor were all admitted. The three actions having been duly consolidated and coming on regularly for trial, a stipulation was made that certain allegations of the complaints were true and that a bond in proper form was filed, but it was left open to the court to determine "whether the bond is sufficient in law." No other evidence was offered by the plaintiffs, and thereupon the defendants Grabstein moved for a nonsuit upon the ground that there was no evidence to sustain a judgment against them to enforce a lien upon their real property. This motion was denied and the defendants declined to offer any evidence, whereupon judgment followed in favor of the plaintiffs as above stated.

There is but one point presented by the record, and that is, upon whom rests the burden of proof that the sureties on the bond filed under section 1183 of the Code of Civil Procedure are good and sufficient. The question of the sufficiency of the sureties upon this bond was not put in issue by any of the three complaints. In the Tyler complaint it was alleged that neither the owners nor the contractor filed a bond. But it was affirmatively alleged that one Cornelius did file a bond, and at the trial it was stipulated that such bond was in due form. The theory of this respondent was that the bond should have been personally filed for record by either the owner or the contractor. In the complaint of the Sunset Lumber Company it was alleged that a bond was duly executed and was thereafter, before the commencement of the work under said contract, filed with the county recorder. A similar allegation appears in the complaint of the Henry Cowell Lime and Cement Company, with the additional allegation that said bond was so made and executed for the purpose of complying with the laws of the state of California. In each of the actions a copy of the bond was made a part of the complaint, the contractor and the sureties upon the bond were made parties defendant, and deficiency judgments were rendered against the contractor and these sureties.

[1] The actions having been consolidated for trial, the allegations of the various complaints may be taken together and treated as one pleading, the allegations in one complaint remedying the defects or omissions in another. (Ol-

*son-Mahoney Lumber Co.* v. *Dunne Investment Co.,* 30 Cal. App. 332, 351, [159 Pac. 178].) **[2]** Hence, if the bond was made and executed for the purpose of complying with the laws of the state of California, as alleged in the complaint of the Henry Cowell Lime and Cement Company, it is to be presumed that the defendants did not commit a fraud by filing a "straw" bond, as argued by respondents. The presumption is always against fraud. It can be put in issue only by direct and positive allegations and must be proved. **[3]** When no bond has been filed with good and sufficient sureties in compliance with section 1183, the lien claimant is entitled to a judgment to foreclose his lien upon the land of the owner irrespective of the amount due from the owner to the contractor. But where such a bond is filed and it is equitable to do so, the court must restrict recovery from the owner to the aggregate amount found due from the owner to the contractor. **[4]** In order to entitle the lien claimant to a foreclosure upon the property irrespective of the amount due from the owner to the contractor, it is essential to allege that the terms of this section have not been met.

**[5]** Furthermore, it is elementary that a party cannot denounce a contract as void and at the same time demand enforcement of its provisions favorable to him. Here all the plaintiffs assumed that the bond was good and joined the sureties as parties defendant, and the court gave judgment against each of the sureties in accordance with the prayers of the complaints. They thus put in issue the bond in its entirety without any allegations in their complaints sufficient to apprise defendants that at the time of the trial they would attack its validity.

**[6]** On behalf of the respondent Tyler it is argued that the requirements of section 1183 of the Code of Civil Procedure were not met because the bond was actually filed for record by one Cornelius, who appears to have been the architect for the owner. But the section does not require that either the owner or the contractor shall personally file the bond for record.

For the reasons given the judgment is reversed.

Brittain, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 7, 1920.

All the Justices concurred.