SCHNABELE, Appellant, v. ST. JOSEPH CHURCH OF ELK POINT et al, Respondents.

(249 N. W. 750.)

(File No. 7456. Opinion filed July 18, 1933.)

R. W. Ellis, of Elk Point, and Paul M. Hatfield, of Sioux City, Iowa, for Appellant.

Alan Bogue, of Parker, and O. C. Donley, of Elk Point, for Respondents.

POLLEY, J. This action was brought to foreclose a mechanic's lien on a Catholic Church building at Elk Point. The purported lien is for material and labor furnished by the lienor

and used in the construction of the church building. The defendant admits that the labor and material described in said lien went into the church building and that the same has never been paid for. That the lien statement complied with the statute in all respects is not disputed by the defendant, but defendant contends that said lien was not filed within the time limited by law for the filing of mechanic's liens and that for that reason the said lien is wholly void. Findings of fact, conclusions of law, and judgment were for defendant, and plaintiff appeals.

The facts as gathered from the evidence are substantially as follows: The defendant being desirous of building a church entered into a contract for the construction thereof with the Keefe Construction Company. The contractor was to furnish all labor and material and complete the building for the agreed price of $67,292. The contract provided that the contractor should furnish a surety bond for the faithful completion of the contract and in compliance with such provision furnished a surety bond in the sum of $34,000, executed by the American Bonding & Casualty Company. To induce the bonding company to furnish said bond, the contractor deeded to it certain real property in Sioux City, Iowa, to be held by said company as security for any loss it might suffer by reason of the said bond. The terms of this bond bound the surety company to answer for any default on the part of the contractor in the payment for any labor or material used by him in the construction of said building. Plaintiff's assignor as a subcontractor furnished to the contractor certain labor and material that was used in the building. The contractor failed to pay a balance of $2,946.53 due for this labor and material, and to secure the payment of such sum said subcontractor filed the mechanic's lien involved in this action.

During the course of the construction of the church, the surety company that furnished the contractor's bond failed in business and went into the hands of a receiver. Thereafter some negotiations took place between the defendant, the contractor, and the bonding company, the result of which was that the defendant released the bonding company from all further liability on the said bond and in consideration therefor the bonding company deeded to the defendant the real property that had been deeded to the surety company when it furnished the surety bond for the con-

tractor. In its answer defendant alleges that this "deed was taken by this defendant for and on behalf of all material men furnishing materials to the Keefe Construction Company and as Trustee for the said material men." During the course of the construction of the church the contractor ran behind in the payment for material used to the extent of nearly $6,000, leaving the building liable to mechanic's liens to that extent.

██ ██ The conveyance above mentioned, while a deed in form, was in fact only a mortgage, and after the building had been completed and after plaintiff's lien statement had been filed with the clerk of courts, defendant brought an action in the district court of Woodbury county, Iowa, which court had full jurisdiction in the premises to foreclose this deed. In its complaint in that action plaintiff (defendant here) alleged that the contractor had failed to pay or cause to be paid the purchase price of certain material used in the construction amounting to $5,581.62. That of this amount $2,946.53 was due to plaintiff and constituted a lien in favor of plaintiff upon the church property. Judgment was entered awarding plaintiff (defendant here) judgment for $5,581.62, $2,946.53 of which was for the unpaid balance due plaintiff for matrial used in building the church. Execution was issued on this judgment. The property described in the deed was sold and the execution returned satisfied. Now, after the defendant has recovered in that action on the sole and only ground that plaintiff had a valid and enforceable lien on the church property, it is defending in this action on the sole and only ground that said lien is wholly void and unenforceable. These two positions are so inconsistent that defendant cannot maintain them both, and having adopted the first, it is now estopped from maintaining the second. In Fox v. Wilkinson, 133 Wis. 337, 113 N. W. 669, 670, 14 L. R. A. (N. S.) 1107, the doctrine is stated as follows: "One having a right of choice between two inconsistent positions who exercises that choice is finally concluded and confined to the rights and remedies appropriate to the position so chosen, and excluded from those consistent only with the repudiated one." And in Pederson et al v. Nari Handsdatter Christofferson, 97 Minn. 491, 106 N. W. 958, 959, we find the rule stated as follows: " * * * where a party has a right to choose one of two or more appropriate, but inconsistent, remedies, and with full knowledge of all the facts of the

case, and of his rights, makes deliberate choice of one, then he is bound by his election, and is estopped from again electing and resorting to the other remedy."

Some contention is made by appellant that the action in Woodbury county for the foreclosure of the deed from the Keefe Construction Company was brought without the knowledge or authority of the defendant, but this contention is not supported by defendant's evidence; and in defendant's answer in this case, defendant, referring to execution of said deed, alleges: "That thereafter the said Keefe Construction Company defaulted in the payment of the sum or sums due and payable by it to the various material men, including plaintiff herein, and that thereafter such proceedings were had in the District Court of Iowa in and for Woodbury County in case No. 46236 Equity, entitled St. Joseph's Roman Catholic Church, of Elk Point, South Dakota, vs. Keefe Construction Company; that a judgment and decree of foreclosure was entered against the said Keefe Construction Company and in favor of this answering defendant as trustee, which judgment and decree of foreclosure included therein the claim of this plaintiff against the Keefe Construction Company in the sum of Two Thousand Nine Hundred Forty-six and 53/100 ($2,946.53) Dollars; and that the claim of the plaintiff was by virtue of said judgment merged therein."

It is elementary that a person cannot denounce a contract as void, and at the same time demand enforcement of its provisions favorable to him. Tyler v. J. I. Mitrovich Bldg. Co. et al., 47 Cal. App. 59, 190 P. 208. In its suit against Keefe Construction Company defendant assumed the validity of the lien involved and recovered judgment upon that theory. It will not now in a suit to foreclose the same lien be permitted to defend on the ground that said lien is void. A remedy based on the theory of the affirmance of a contract or other transaction is inconsistent with a remedy arising out of the same facts and based on the theory of its disaffirmance, or rescission, so that the election of either is an abandonment of the other. 20 C. J. 14.

Upon the evidence in the record plaintiff is entitled to a decree foreclosing the said lien, and it is not necessary to consider other matters discussed in the briefs.

█ In the preparation of the brief on this appeal, counsel for appellant neglected to number his folios, nor does his assignments refer by page or folio to that portion of the brief wherein the record of the ruling or other matter complained of is to be found, as required by rule 4 of this court. These omissions added to the labor of counsel for respondent in the preparation of their brief, and have been a source of inconvenience and added labor on the part of the court. Such omissions were pointed out to appellant by counsel for respondent in their brief. No effort was made by counsel for appellant to supply the omissions, but in their reply brief said the fault was all with the printer and that counsel regretted the mistake. Counsel for respondent should have called this matter to the attention of the court by motion to strike appellant's brief from the record or otherwise before they prepared their brief. But the matter was not called to the attention of the court until the time of the submission of the oral argument and we decided to let the brief stand as it was, but no costs will be taxed for the printing of said brief.

The judgment and order appealed from are reversed.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

CAMPBELL, J., concurs in result.