[Civ. No. 10779. Second Appellate District, Division Two.—February 3, 1936.]

ASSOCIATED WHOLESALE ELECTRIC COMPANY (a Corporation), Respondent, v. S. H. KRESS & COMPANY et al., Appellants.

Joe Crider, Jr., Clarence B. Runkle and Ernest Little for Appellants.

Carl B. Sturzenacker and Hal Hughes for Respondent.

GOULD, J., pro tem. — Plaintiff furnished to defendant Bert L. Perry, Inc., a subcontractor, materials to be used in a building constructed for defendant S. H. Kress & Com-

pany, as owner, by defendant Clinton Construction Company, as general contractor. Defendant Perry failed to pay for such materials and was adjudicated a bankrupt. Plaintiff thereupon filed suit to foreclose his mechanic's lien and recovered judgment of foreclosure against the property of defendant Kress, with the provision that should deficiency arise upon the sale on foreclosure, judgment for such deficiency should be rendered against the general contractor, Clinton Construction Company. Separate appeals are prosecuted by the defendants owner and general contractor.

Deficiency judgment against the *contractor* as provided for in section 1183 of the Code of Civil Procedure is determined by the question as to whether the bond provided for in said section has been given. The complaint in this case alleged upon information and belief the giving of such bond, and the answer of defendant owner denied that any bond was given. No finding on the matter appears in the record. Such finding is essential under the circumstances of this case. (*Roystone Co.* v. *Darling,* 171 Cal. 526, 154 Pac. 15] ; *Tyler* v. *J. I. Mitrovich etc. Co.,* 47 Cal. App. 59 [190 Pac. 208].)

In its judgment of foreclosure the court allowed interest from the date of recording the mechanic's lien. Inasmuch as the liability of the owner, i. e., the amount of the lien imposed upon its property, is for the reasonable value of the labor done and materials furnished (sec. 1183, Code Civ. Proc.), and such reasonable value (although in this case it was found to be the same as the contract price) cannot be determined until the matter has been adjudicated by the court, interest can be allowed only from the date of judgment. (*Combs* v. *Eberhard,* 120 Cal. App. 25 [7 Pac. (2d) 338] ; *Burnett* v. *Glas,* 154 Cal. 249 [97 Pac. 423].)

The judgment is reversed with directions to the trial court to make findings upon the question of the bond, to determine the correct interest allowance and to enter judgment accordingly.

Wood, J., and Crail, P. J., concurred.