[Civ. No. 13996.   Second Dist., Div. Two.   May 21, 1943.]

MARTIN CULJAK et al., Respondents, v. BETTER BUILT HOMES, INC. (a Corporation), Appellant.

Irvin C. Evans and Daniel N. Dougherty for Appellant.

Earl E. Howard for Respondents.

MOORE, P. J.—Defendant appeals from a judgment in the sum of $9,746.82 as the reasonable value of labor and materials for the construction of a sewer. The principal grounds of appeal are that the findings made are contradictory and irreconcilable; that they do not support the judgment; that they are not supported by the evidence; that the court failed to find on a material issue.

About the 20th day of February, 1941, after extended negotiations, the parties executed a writing bearing the date of January 20, 1941, whereby, for the sum of $3,306.80, the plaintiffs agreed to furnish all labor and materials and construct a sanitary sewer in lot 372 of tract 1000, in San Fernando Valley, in the city of Los Angeles. According to certain plans and profiles prepared by defendant subsequent to the execution of the writing, the engineering department of the city declined to permit the construction according to the plans adopted by the contract and changes were made requiring additional construction and the addition of metal gasket forms wherever water should be encountered. By reason of the new requirements the parties agreed upon the additional costs of construction according to the modified plans and on or about the 13th day of March, defendant agreed in writing to pay plaintiffs the additional sum of $234.20. After the last mentioned date, San Fernando Valley experienced continuous and heavy rains as a result of which the water level in the area of tract 1000 rose approximately 20 feet higher than the level which obtained in Feb-

ruary. Such rise in the water level caused the area in which the sewer was to be constructed to be filled with water. Thereafter on the 12th day of May, Mr. Culjak stated to the officers of defendant that by reason of the water-soaked condition of the ground, plaintiffs could not proceed with the work for the price stipulated in the written contract; that if defendant would wait until the water level should subside, the construction could be done at the price originally named but otherwise not by plaintiffs. In reply to Mr. Culjak, defendant's officers stated that the job had to be done immediately and directed plaintiffs to proceed. Mr. Culjak declined to proceed without some written authorization to do so, whereupon Mr. Joel E. Moss, president of the defendant, wrote Mr. Culjak as follows: ''Please continue with your contract for sewer recognizing additional water that may entail additional expense.'' Following the last mentioned conference on May 12, plaintiffs began the construction of the sewer which they completed on July 11. During the course of construction the use of numerous materials and devices as well as of the services of workmen in addition to that which would have been required prior to the excessive rainfall were utilized in the construction of the sewer according to the plans and the city's specifications.

Defendant having refused to pay the bill presented by plaintiffs, they later filed this action on the 28th day of August, 1941. The amended complaint contains four separate causes of action. Each of them alleges the performance of the work and the cost in the sum of $9,746.82. The first count alleges the written contract and the amendment thereto on the 12th of May, the reasonable cost of additional material and of the use of other equipment necessitated by changes in the plans and rise of the water level in the sum of $6,440.02. The second count alleges a verbal agreement on the 12th of May, 1941, to construct the sewer according to new plans and profiles submitted by defendant to and recognized by the city of Los Angeles; that such plans and profiles required the construction of the sewer at a depth of about 12 feet below the level originally specified and which plans comprehended the rise of the water level into the area where the sewer was to be constructed which required ''the use of water pumps, tight sheathing, rock shield, gaskets and equipment adapted to use in such water-bearing soil, all of said work would be done to the satisfaction and approval of the engineering department

of the city of Los Angeles; that in consideration of the performance of said work by plaintiffs, said defendant agreed to pay to plaintiffs the cost of construction plus 10 per cent of the cost of construction for social security, public liability, property damage and workman's compensation plus 15 per cent of the cost of construction to cover the plaintiff's overhead and profit.''

The third count alleges an implied agreement arising out of the construction of the sewer pursuant to the request of defendant, the construction and its value, and the refusal of defendant to pay.

The fourth count adopts the allegations of the first count and in addition thereto makes appropriate allegations for the foreclosure of their mechanic's lien.

In Finding II the court determined the facts in accordance with the allegations of Count II in that the parties entered into a verbal agreement on May 12, 1941; that between the 12th day of May, 1941, and the 23rd of July, 1941, plaintiffs constructed the sanitary sewer and house connections; that the cost of such construction is $9,646.82. Appellant contends that it was prejudiced by the failure of the court to show by its finding ''the calculation by which the court arrived at its judgment.'' Evidently appellant desires to have the court's opinion or a picture of the court's mental process by which the ultimate fact of the aggregate cost was derived. To such contention we do not yield. While it is essential that the ''reasonable values'' be alleged and that they be proved by competent evidence yet the function of the finding is to declare only the ultimate fact determined. (*Forman* v. *Hancock*, 3 Cal.App.2d 291 [39 P.2d 249]; *Brea* v. *Mc-Glashan*, 3 Cal.App.2d 454, 467 [39 P.2d 877]; *Mammoth Gold Dredging Co.* v. *Forbes*, 39 Cal.App.2d 739, 753 [104 P.2d 131].) The trial court is not required to incorporate evidentiary facts in its findings. In its brief appellant says that ''each one of the items of labor and materials together with the costs therefor was in evidence.'' We must assume that, because of the presence of evidence of ''each item'' and the identity of their aggregate amount with the total found ultimately to have been incurred and to be unpaid, the items so proved establish the basis of the court's computation. Since the pleadings and the evidence both warrant the finding of the amount to which plaintiffs are entitled more details of fact in the finding would be surplusage.

It was determined by Finding IV that on or about the 20th day of January, 1941, the parties contracted in writing for plaintiffs to construct the sewer and house connections at the agreed price of $3,306.08 but that such agreement was based upon plans prepared by defendant which had not been accepted by the city; that after the execution of the written contract material changes were made pursuant to the requirements of the city; that defendant submitted blue prints of the new plans to plaintiffs and offered to pay additional sums by reason of the changes; that thereafter the area of the construction experienced such heavy rainfalls as to cause the rise of the water level; that because of such changed conditions, defendant recognized the necessity of additional cost to be entailed; that the memorandum of May 12 was not executed by defendant without consideration; that the cost of additional labor and use of equipment arising by reason of the change in plans and because of the water condition is the sum of $6,440.02 which added to the sum specified in the original contract of $3,306.80 aggregated $9,746.82, the reasonable value of the construction.

■ The findings embrace every material issue. There is no inconsistency in them. All relate to the meetings of the minds of the parties for the construction of the same sewer, at the same price. The finding that they first agreed in writing and that such contract was modified by supplemental writings is not inconsistent with the finding that prior to performance they orally agreed to do the same construction upon the same terms contained in the original contract and its supplements. It is true that the written contract was in existence on May 12, but that did not prevent the parties from discussing the new developments, the additional requirements and costs of the extra work and equipment and an oral agreement that plaintiffs do the work according to the new terms discussed. Neither did the writing forbid the actual construction either according to the terms orally discussed or according to the memorandum requesting plaintiffs to construct the sewer, "recognizing additional water that may entail additional expense."

■ If the findings are not incapable of being harmoniously construed the judgment may not be set aside. (*Lasher* v. *Faw*, 209 Cal. 726, 732 [289 P. 821].) In *Baird* v. *Ocequeda*, 8 Cal. 2d 700 [67 P.2d 1055], suit was brought to foreclose a materialman's lien and for the "contract price." An amendment

to the complaint was allowed at the conclusion of the trial to allege the reasonable value. Such amendment was held not to constitute a new or different cause of action but merely a different statement of the same cause. Since the evidence was such as to support a recovery on either theory it was adjudged that "the findings on the inconsistent theory may be disregarded as surplusage." Therefore if any finding against defendant were "inconsistent" with the finding of a "verbal agreement" of May 12, 1941, it is harmless since there is no finding inconsistent with that of defendant's obligation to pay the reasonable value of the cost of construction of the sewer and the evidence is sufficient to support each finding made. Water pumps, gaskets, rock, cement, plaster, shields and extra labor were necessitated by reason of the modified plans and the high water level.

■ But aside from the foregoing, if we concede the inconsistency of the findings, it cannot truly be said that the entire record discloses a miscarriage of justice. In such event the judgment can not be disturbed (Constitution, art. VI, sec. 4½). In order to justify the reversal of a judgment because of defective findings it must affirmatively appear not only that substantial injury has been caused and that substantial rights have been affected but also that a different result would have been probable if the defect had not occurred. (*Lutz* v. *Merchants' National Bank,* 179 Cal. 401 [177 P. 158]; *Murnane* v. *Le Mesnager,* 207 Cal. 485, 495 [279 P. 800].) On this point the code as well as the Constitution is mandatory. (Section 475 Code of Civil Procedure; sec. 4½, art. VI, *supra.*) Wherever possible a litigated controversy should be "finally disposed of by a single appeal." (Sec. 956a Code Civil Procedure; *Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970].)

■ The receipt in evidence of the memorandum of May 12, 1941, was a correct ruling. It was written expressly to modify the original written agreement. We conceive of no competent reason for its exclusion. Moreover, it gives support to the oral agreement of that date proved by plaintiffs and performed by them.

■ Finally, appellant contends that the allowance of interest from the date of the acceptance of the work, August 19, 1941, is not authorized. Such contention is correct in view of the fact that the judgment is for the reasonable value of

the work. (*Associated Wholesale Electric Co. v. S. H. Kress & Co.*, 11 Cal.App.2d 592 [54 P.2d 38].)

It is therefore ordered that the judgment be modified by striking therefrom the following words, to wit, "from the 19th day of August, 1941," and by inserting in lieu thereof: "From date hereof"; that as so modified the judgment is affirmed, the appellant to recover its costs on appeal.

Wood (W. J.), J., and McComb, J., concurred.

A petition for a rehearing was denied June 18, 1943, and appellants' petition for a hearing by the Supreme Court was denied July 19, 1943.