[Civ. No. 21623. Second Dist., Div. Three. Nov. 29, 1956.]

HOLLYWOOD WHOLESALE ELECTRIC COMPANY (a Corporation), Respondent, v. JACK BASKIN, INC. (a Corporation) et al., Appellants.

Wallace & Wallace and W. W. Wallace for Appellants.

Forster & Gemmill for Respondent.

SHINN, P. J.—This is the second appeal in an action upon a labor and material bond executed and filed pursuant to sections 4200 and 4207 of the Government Code, for the payment of the reasonable value of electrical materials allegedly furnished for and used in the construction of school buildings at the Colfax Avenue School site in Los Angeles. The action

is against Jack Baskin, Inc., as principal, and Seaboard Surety Company, as surety.

Defendants had judgment at the first trial. That judgment was reversed by this court. (See *Hollywood etc. Co.* v. *John Baskin, Inc.*, 121 Cal.App.2d 415 [263 P.2d 665].) At the second trial, plaintiff recovered judgment for $8,000.23. The court likewise awarded plaintiff accrued interest totalling $3,016.78 and $4,000 as an attorney's fee. Defendants appeal from the judgment. They contend the evidence was insufficient to support the findings, that the court erred in awarding plaintiff an attorney's fee which took into account services rendered at the first trial, and that plaintiff is not entitled to recover interest which had accrued prior to the judgment.

This opinion must be read with our opinion on the prior appeal. We will summarize the detailed statement of facts therein. On June 19, 1950, Baskin agreed with the Los Angeles City School District to construct certain school buildings at the site of the Colfax School. Pursuant to section 4200 of the Government Code, Baskin, as principal, and Seaboard, as surety, executed and filed a labor and material bond. On the same date, Baskin contracted with W. C. Scruggs for the furnishing and installation of the electrical equipment.

Plaintiff is a supplier of electrical materials. Scruggs had done business with plaintiff for many years. Between June 28, 1950 and May 2, 1951, plaintiff sold and delivered to Scruggs various electrical materials for the Colfax School job and other jobs. Scruggs maintained a running account with plaintiff, in which charges and credits in connection with the various jobs were recorded on a single continuous series of general ledger sheets. On June 28, 1950, Scruggs owed plaintiff $14,833.49 for equipment previously furnished him on other jobs. As of December 29, 1950, plaintiff broke down the total obligations then owing by Scruggs (including the then balance on the Colfax job) and segregated each obligation to the job to which it was applicable. Scruggs' running balance was then $35,129.19.

During the period of performance of the Colfax job, Scruggs made a number of payments to plaintiff. Only one of these, a check for $1,500, was specifically given and received on account of the Colfax job. It was held on the prior appeal that since Scruggs did not direct plaintiff to apply the other payments to the Colfax indebtedness, plaintiff was justified in applying them to extinguish Scruggs' indebtedness with respect to the oldest items of account, and that defendants,

as parties secondarily liable for the materials furnished to Scruggs, could not control the application of payments by plaintiff. (*Hollywood etc. Co.* v. *John Baskin, Inc., supra,* 121 Cal.App.2d 415, 429-430.)

The court below found that plaintiff's charges were $9,-953.43. Scruggs was given credit for the $1,500 payment, for $136.45 for materials not actually used on the Colfax job and for $116.73 for materials which were returned to plaintiff. The court also allowed $200.02 for other credits, and found that the balance due was $8,000.23.

The first assignment of error to be considered is that the evidence was insufficient to support the findings. In this connection, defendants seek to relitigate the same issues which they urged unsuccessfully on the prior appeal. They argue that plaintiff was not entitled to allocate Scruggs' payments to the oldest items of the running account. █ But as said in our prior opinion (*Hollywood etc. Co.* v. *John Baskin, Inc., supra,* 121 Cal.App.2d 415, 429). "In the absence of anything appearing as to the source of the fund from which a subcontractor makes a payment to a materialman, to whom he is indebted on account of several obligations, without any direction as to application, the payment may be applied by the materialman to any obligation. (Citations.) █ Where there is a running account, the creditor may apply a payment to any item. █ General credits on open accounts stand as payments on the oldest items of such accounts unless some other application be clearly indicated. (Citations.)" The statement is applicable to the evidence in the second trial.

█ Defendants also contend there was no evidence that all the equipment charged to the Colfax job was actually used in the construction of the school buildings. Plaintiff introduced into evidence the delivery receipts, signed by Scruggs or his employees. These were not disputed. Two of Scruggs' former employees testified at considerable length as to the receipt and use of items charged to the Colfax job. The court gave Scruggs credit for several minor unused items. It found that with those exceptions, all the materials charged to the Colfax job were actually used in the buildings. The finding has support in the evidence.

The next assignment of error is that the court erred in awarding plaintiff a $4,000 attorney's fee. The award was based upon section 4207 of the Government Code. That section provides that in an action brought upon a contractor's bond which is required by section 4200, the prevailing party shall

be entitled to a reasonable attorney's fee to be taxed by the court as costs. The bond contains a similar provision. At the conclusion of the trial, the court requested testimony as to the value of the services rendered by plaintiff's counsel, and after a hearing, it found that $4,000 was a reasonable fee for services performed in filing and prosecuting the action, including the two trials, but exclusive of the prior appeal.

Defendants argue that since plaintiff was not the prevailing party at the first trial, it cannot properly be awarded a fee for attorney's services rendered during that trial and that the $4,000 should be reduced by half. The argument is without merit. It is not questioned that the services were competently performed or that they were necessary to plaintiff in establishing its rights under the bond. Plaintiff should have prevailed in the first trial. Neither party can be said to have prevailed in the action until judgment was entered for plaintiff at the conclusion of the second trial. We see no reason why the burden of a portion of plaintiff's attorney's fees should be shifted from defendants to plaintiff when, through no fault of plaintiff, and due to error of the court, induced by defendants, a second trial became necessary.

The final assignment of error is that the court erred in awarding plaintiff interest on the principal amount which had accrued prior to the judgment. Defendants argue that this is an action for the reasonable value of the electrical materials sold to Scruggs and used in the Colfax job, hence plaintiff is not entitled to recover interest for the period preceding the date of judgment, at which time the reasonable value of the material was determined. (Citing *Associated Wholesale Elec. Co.* v. *S. H. Kress & Co.*, 11 Cal.App.2d 592 [54 P.2d 38] ; *Culjak* v. *Better Built Homes, Inc.*, 58 Cal.App.2d 720 [137 P.2d 492] ; *Lineman* v. *Schmid*, 32 Cal.2d 204 [195 P.2d 408, 4 A.L.R.2d 1380].)

The complaint alleged that Scruggs agreed to pay plaintiff the reasonable value of the materials furnished him on or about the 10th day of each month following the month of delivery, plus interest thereon at the rate of 8 per cent per annum on amounts due and unpaid more than 30 days. Plaintiff introduced into evidence copies of 78 invoices representing separate deliveries of electrical materials to Scruggs between June 28, 1950 and May 2, 1951 on account of the Colfax job. The original invoices, which were sent to Scruggs, contained the terms with respect to the payment of interest.

The court made detailed findings. It found that the mate-

rials were sold under express contracts whereby Scruggs was obligated to pay the amount stated on each invoice together with 8 per cent interest on each amount unpaid 30 days after the end of the month each order was shipped. Interest was computed on each separately invoiced item as of June 30, 1951, which was 30 days after the end of the month during which plaintiff made its last delivery to Scruggs. The court found this amount, less adjustment for credits, to be $398.13 and the interest from July 1, 1951 to the date of the judgment to be $2,560.07.

The rule relied upon by defendants is inapplicable to the present case. ■ It is true that the complaint alleged that Scruggs agreed to pay the reasonable value of the materials but that theory of the case was in error. The materials were sold under express contracts as to quantities and prices. The court so found and the findings are not questioned. There was a variance between the pleading and the proof, but it did not result in any prejudice to the defendants and should be disregarded. (Code Civ. Proc., § 469.)

The court found that the materials were reasonably worth the prices charged therefor but made no finding that they were sold under an agreement to pay the reasonable value. Defendants were obligated to pay whatever Scruggs owed. They seek to avoid their liability for interest prior to judgment by claiming there was uncertainty as to the amount of Scruggs' indebtedness. But there was no uncertainty. ■ Where goods are billed at a stated price and are received and retained by the buyer without objection to the quantity, the quality, or the price, he must pay the amount of the seller's charges. He cannot be heard to say that the agreed price was in excess of the reasonable value nor can the seller increase his charge by claiming he did not ask enough. Scruggs had at hand complete data from which the amount of his indebtedness could be ascertained by simple mathematics. The amount of defendants' liability was not uncertain. Interest was allowable in accordance with the agreement, to be computed upon all amounts that were 30 days overdue.

■ Defendants make the further claim that they did not agree to pay interest. Although there was no specific agreement respecting interest, the purpose of the bond was to indemnify the school district with respect to materials furnished to Scruggs for use in the school building for which he might not pay the supplier. The cost of the materials

included the interest charges which Scruggs agreed to pay as the price of the retention of sums due plaintiff for more than 30 days.

The judgment is affirmed.

Vallée, J., concurred.

Wood (Parker), J., did not participate.

Appellants' petition for a hearing by the Supreme Court was denied January 23, 1957.