[Civ. No. 9309.   Third Dist.   Jan. 29, 1958.]

ELEANOR WOLFF, Appellant, v. GEORGE R. WOLFF, Respondent.

Leo C. Dunnell, William H. Herbert and Adey May Dunnell for Appellant.

Henry H. Kilpatrick, Thomas F. O'Hara and J. Clinton Peterson for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment denying a motion to modify a divorce decree.

Under the terms of a property settlement agreement it was provided that the respondent pay to appellant $18,400 in the following manner: $13,600 forthwith and $4,800 in installments of $200 a month, commencing on December 1. 1953, the last payment to be made on November 1, 1955. The agreement further provided that each of the parties released and absolved and waived any and all rights to support, maintenance or alimony from the other, but provided in paragraph (7) as follows: ''Except as hereinafter in this paragraph provided, each party promises and agrees to, and does hereby release, absolve and waive any and all rights to support, maintenance or alimony from the other; provided, however, that in the event Wife shall be suffering from carcinoma of any type whatsoever, affecting any part of her body at any time between the date of the execution of this agreement [October 27, 1953] and December 1, 1955, then in that event Wife shall be entitled to support, maintenance or alimony from Husband in such monthly amounts as the parties may agree upon at that time, and in the event the parties cannot reach an agreement regarding the amount of such support, maintenance or alimony, then the Superior Court in which said divorce action is now pending may hear and determine any question of fact as to whether Wife is at that time suffering from such carcinoma, the ability of Husband to pay support, maintenance or alimony, the amount reasonably required by Wife for her support and maintenance, medical and hospital care, and may thereupon make an order or judgment awarding Wife such a monthly allowance from Husband as may seem reasonable and proper to the Court, . . .''

At the time of the hearing of the divorce action appellant

*Assigned by Chairman of Judicial Council.

testified that she was waiving any claim to alimony or support, subject to the power of the court to reopen the case for the purpose of determining the amount of alimony that she should be awarded should she be suffering from carcinoma or cancer between the date of hearing and December 1, 1955, and that the reasons for the provision as to the reopening of the case was because she had a history of carcinoma at one time and the doctors had advised her that it could not be ascertained if she was cured before a certain time. The court then asked her: ''What is the provision? Mr. Bonnington: The provisions are that should you be suffering from carcinoma from now to December 1st, 1955, then you may ask the Court for an award or support. The Court: Is that satisfactory to you, Mrs. Wolff? A. Yes. The Court: Very well. Now, you have had, of course, the benefit and advice of counsel, and Mr. Wolff has had the benefit of counsel during all of these proceedings, and you understand that by not asking for alimony, and in approving this agreement, and approving that provision, that otherwise you are not entitled to alimony? A. Yes. The Court: And you wish it that way? A. Yes.'' The trial court thereupon granted appellant an interlocutory decree of divorce, and approved the property settlement agreement with the proviso that it might be attached to the interlocutory decree for all purposes. By the final decree the court retained jurisdiction to make an award pursuant to paragraph (7) of the agreement.

On November 1, 1955, appellant filed a ''Petition for Order of Modification of Divorce Decree'' in which she alleged she was suffering from carcinoma and from radium burns incurred in the treatment of said disease. This petition was ordered off the calendar and on March 5, 1956, an amended petition for modification was filed in which it was alleged that after appellant was suffering from carcinoma of the cervix in 1951, she received radiation treatment; that she suffered severe radium burns; that she, from time to time, had to undergo tests for the purpose of determining whether or not the said disease was recurring; that one examination disclosed cells which a pathologist determined were suspicious of malignancies; that she had never been diagnosed as cured; that she was unable to support herself; that she needed medical care and treatment not only for the purpose of diagnosing her condition as to the disease of carcinoma, but for other physical conditions which are the effect of carcinoma; that at the time of the settlement she did not know that the radium

burns would become more severe and were incurable; that at the time of the execution of the property settlement agreement she believed and understood that if her physical condition was impaired as a result and from the effects of carcinoma she would be entitled to support and maintenance and hospital care; that in the preparation of said agreement, the wording of said agreement did not include the phrase: "if plaintiff was suffering from the effects of carcinoma" which the agreement should have contained and if she had realized the words were omitted she would not have executed the agreement; that she believed that she would be protected if she became disabled from the effects of carcinoma; and that she was advised by her counsel that if she were in need of support and maintenance because of her condition he would see that she had support and maintenance according to her needs.

After a hearing on the petition the court denied appellant any relief and this appeal followed.

Appellant contends that the trial court erred in interpreting the property settlement agreement as requiring appellant to prove that she was suffering from an active carcinoma that could be diagnosed as malignant at the time of the hearing and as not including a right to relief from the effects of preexisting carcinoma.

We do not believe that there is merit in this contention. The record shows that the appellant had had cancer of the cervix which had been arrested by X-ray and radium treatment to the extent that the medical doctors could not find any clinical or positive evidence of recurrence of carcinoma or that she was suffering from carcinoma at the time of the hearing of her petition for support and maintenance. The evidence does show, however, that during the time she was taking X-ray and radium treatments for the carcinomatous condition of her cervix she suffered irradiation damage to the lower bowel, or radiation proctitis due to the X-ray and radium therapy, which, according to one of the medical expert witnesses: "practically always does arise with the treatment of cancer of the cervix in variable degrees." She was still suffering from that condition at the time of the hearing. The record also shows that appellant had some seven or eight consultations with reference to the terms of the property settlement agreement prior to its execution and that a Doctor Frazier, who had treated appellant, advised her attorney on July 18, 1953, before the execution of the agreement that no evidence of

recurrence of the carcinoma existed and that her chances of five year survival were between 60 and 75 per cent and that she could survive several years after recurrence, but could be partially or completely invalided during the period. Further, the record shows that appellant knew of her condition at the time of the divorce proceedings. She testified that the state of her "health was very, very poor" and at that time she was suffering "very, very badly from the radium burns and X-ray." In the face of this testimony we do not believe that it may be said that appellant may invoke paragraph (7) of the property settlement agreement due to the after effects of her 1951 carcinoma. It seems clear to us that under the terms of the agreement it was necessary for her to prove a recurrence or active carcinoma in order to prevail in her claim for support and maintenance. If this were not so appellant could have invoked the provisions of paragraph (7) at the very time the agreement was executed, a result which would have been inconsistent with any reasonable purpose for incorporating the paragraph in the property settlement agreement.

Appellant also contends that the court's findings are not supported by the evidence. We agree that most of the findings are contrary to the uncontradicted evidence; however, there is the pertinent and material and controlling finding that appellant is not suffering from carcinoma, which finding is supported by substantial evidence and, since we have construed the contract to mean that appellant had to prove that she was actually suffering from carcinoma rather than from its effects, the fact that findings on other irrelevant matters are not supported by the evidence becomes immaterial in this case. As stated in *Culjak* v. *Better Built Homes, Inc.*, 58 Cal.App.2d 720, 725 [137 P.2d 492], "In order to justify the reversal of a judgment because of defective findings it must affirmatively appear not only that substantial injury has been caused and that substantial rights have been affected but also that a different result would have been probable if the defects had not occurred. (*Lutz* v *Merchants' Nat. Bank*, 179 Cal. 401 [177 P. 158]; *Murnane* v. *Le Mesnager*, 207 Cal. 485, 495 [279 P. 800].)"

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied February 17, 1958.