SHOEMAKER, J.
Agreed statement of facts:
1. Plaintiff and respondent furnished materials used in construction project on premises of owner, Port Costa Brick Works. Defendant and appellant (Surety Co.) issued a surety bond on behalf of general contractor which inures to the benefit of owner and all persons entitled to its protection under the mechanics’ lien laws of California.
2. The bond was filed for record in the proper county prior to the completion of the work. (Bond filed by owner, Port Costa Brick Works.)
3. The project was completed and a proper notice of completion was filed on September 6, 1957, pursuant to Code of Civil Procedure, section 1193.1.
4. Thirty-day period for filing a mechanic’s lien elapsed. No mechanic’s lien was ever filed, but plaintiff gave written notice to surety on October 23, 1957, more than 30 days subsequent to the filing of the Notice of Completion.
The following statement in large type appears on the face of the bond immediately below the signature of the parties: “This bond must be recorded in the office of the Recorder of the county in which the contract is to be performed in order to fully comply with the statute and fully protect all parties as provided in said statute.”
We are concerned here with section 1200.1 of the Code of *Supp. 838 Civil Procedure, and particularly subdivision “d” thereof, which reads in part as follows:
“In case the surety or sureties on any bond given as in this chapter provided shall have caused said bond to be filed and recorded in the office of the county recorder of the county in which the property is situated before the work of improvement is completed, then no action may be maintained thereon unless there shall previously have either been filed a mechanic’s lien claim as in this chapter provided or unless written notice shall previously have been given to the surety on said bond before the expiration of the time prescribed in this chapter for filing a lien to enforce such claim, which notice shall state that the person giving such notice has performed labor or furnished materials . . . The filing of an action to foreclose such lien shall not be a condition precedent to a recovery on said bond. If said bond has been so filed as herein last provided, then any suit brought against such surety or sureties shall be filed within six months after completion of said structure or work of improvement, as ‘completion’ is defined in Article 3 of this chapter.” (Emphasis added.)
The sole question on appeal is whether the bond was filed in compliance with the statute.
Respondent contends that the action may be maintained without the filing of a lien or the giving of timely notice, even though the bond is in fact recorded, stating that there is no testimony that surety “caused” the bond to be filed and it is admitted surety did not do so personally. The cases on which he relies to support this contention, starting with General Electric Co. v. American Bonding Co. (1919), 180 Cal. 675 [182 P. 444], were concerned with sections 1183 and 1187 of the Code of Civil Procedure, which were the early counterparts of the Code of Civil Procedure, sections 1200.1 and 1193.1. At the time these cases were decided, Code of Civil Procedure, section 1183, contained no specific provisions for the filing of a mechanic’s lien or the giving of written notice, such as are now contained in section 1200.1, subd. (d).
Section 1200.1, Code of Civil Procedure, requires that the bond must have been recorded in order for the surety to invoke a defense of failure to file a lien or give written notice.
Appellant contends that the surety “caused” the bond to be filed within the meaning of the statute when it was in fact filed by the owner (Port Costa Brick Works) pursuant *Supp. 839 to written notice placed by the surety on the bond that it must be recorded. It argues that the section does not require that an officer or employee o£ the surety itself file the bond for record; that the bond was in fact recorded, thus satisfying the obvious purpose of the section, which is simply to give notice; that the mechanics’ lien law contemplates that recordation of surety bonds will be made by owners rather than by sureties, in order to limit their liability to the amount of the contract price as provided by Code of Civil Procedure, section 1185.1; and, finally, that Port Costa (owner) can be considered the surety’s agent for purposes of this recordation.
It will be noted that the clause in the bond does not directly order or direct the owner to file the bond; however, in our opinion, it constitutes such a notice that when acted upon, as it was here, warrants the inference that, acting as the agent of all parties to the bond, the owner attended to its recording, thereby fulfilling the requirement that the surety “shall have caused” the bond to be recorded. From which it follows that thereupon the surety has the right to assert the defense presented in this case.
Further, the early case of Tyler v. J. I. Mitrovich Bldg. Co. Inc., 47 Cal.App. 59 [190 P. 208], arising under old section 1183, Code of Civil Procedure, and presenting an analogous situation held that the filing of the bond by the architect was compliance with the statute, and that the contention that the bond, in order to be effective, had to be personally filed by the owner or contractor, was untenable; the court stating that the statute does not require (as here) such personal filing.
For the foregoing reasons the judgment is reversed.
Devine, P. J., and Molkenbuhr, J., concurred.